BROWN
v.
WYNCOOP.

*Friday,
May 8.*

---

## BROWN v. WYNCOOP.

If a defendant in ejectment have a legal title to the premises, and neglect to produce it in that action, he cannot, after a verdict against him, obtain an injunction of the proceedings at law, by a bill in chancery founded on the same title.

The question, whether a deed be fraudulent and void as to creditors, may be examined and decided in an action of ejectment.

A decree in chancery is not binding on a person who was not a party to the suit.

*Friday,
May 8.*

ERROR to the *Franklin* Circuit Court.

BLACKFORD, J.—The plaintiff in error was the complainant below. He states in his bill that, in 1825, he bought a tract of land from *Rossell Sturdevant*, received a title-bond for it at the time, and afterwards, in 1827, obtained from him a deed; that *Rossell Sturdevant* had bought the land, bona fide, from *Azor Sturdevant*, in 1817, who, in the same year, had bought it from *John Bates.* He further states that, in 1819, *Schoonover*, the as-

signee of *Bates*, recovered a judgment against *Azor Sturdevant* for 733 dollars and 33 cents, due for the consideration of the land as the complainant believes; that the land was levied on as *Azor Sturdevant's*, under an execution on this judgment, and bought at the sheriff's sale by *Schoonover;* that in the same year, 1819, *Schoonover* sold the land to *Wyncoop*, the present defendant; that after the sheriff's sale, *Azor Sturdevant* paid the judgment to *Schoonover*, who agreed to enter satisfaction on it; that the complainant, under his purchase, has kept peaceable possession of the premises; that the defendant, claiming under *Schoonover*, filed a bill in chancery against *Rossell Sturdevant*, in his absence, alleging that the deed to him from *Azor Sturdevant* had been made to defraud *Schoonover* out of his money; that the defendant, though he knew of the complainant's claim, did not make him a party to the chancery suit; that the bill was taken for confessed, in *Rossell Sturdevant's* absence, and the conveyance to him from *Azor Sturdevant* was set aside; that after this decree, the present defendant, *Wyncoop*, brought an action of ejectment against the complainant, and obtained a verdict against him; and, in consequence of the said decree, will recover the possession, unless the Court interferes. The bill prays, that the complainant may be made a party to the former chancery suit against *Rossell Sturdevant;* that the decree may be opened, and the complainant allowed to answer the bill. It also prays an injunction of the proceedings at law. The defendant demurred to the bill; and the Circuit Court sustained the demurrer.

We have no doubt, but that the decision of the Circuit Court is correct. One short reason is, that the complainant had every opportunity, in the action of ejectment, to defend the cause on the ground of his deed from *Rossell Sturdevant*. The burthen of proof of that deed's being insufficient, for want of a title in *Rossell Sturdevant*, lay upon the plaintiff in that action. The decree in chancery against *Rossell Sturdevant*, was no evidence in the ejectment against the present complainant, because he was not a party to that suit; and, consequently, not bound by the decree in it. By the present bill, the complainant only seeks for an opportunity to oppose the charge of fraud, made to the deed by which his grantor claimed the property. The opportunity to do that was given to the complainant in the

May Term, 1829.

action at law. The demurrer to the bill was correctly sustained.

*Per Curiam.*—The decree is affirmed with costs.

*Rariden*, for the plaintiff.

