May Term,<br>1846.<br><br>Shaw<br>v.<br>Hoadley.

---

## Shaw and Others *v.* Hoadley.

A decree in chancery against persons not parties to the suit is void as to them.

On the death of a mortgagor, the equity of redemption descends to his heirs.

And the surplus of a sale under a decree against the heirs in a suit to foreclose, &c., goes to them.

A mortgagor who has conveyed the equity of redemption to a person who has assumed to pay the mortgage-debt, need not be a party to a bill of foreclosure.

ERROR to the *Tippecanoe* Circuit Court.

Perkins, J.—Bill to foreclose a mortgage. Decree for the complainant.

The bill states that on the 3d of *September*, 1840, *Elam Shaw*, since deceased, and *Daniel Mace*, being indebted to *Abner D. Bond* in a certain sum of money, executed to him the mortgage in question to secure the payment of said indebtedness; that *Bond* subsequently assigned the mortgage to the complainant; and that *Mace* conveyed his interest in the equity of redemption of the property mortgaged to *Shaw*, his co-mortgagor, who thereupon assumed the payment of the whole debt. The bill was filed against the heirs of *Shaw* only. The defendants made default, the bill was taken as

Saturday,<br>July 18.

May Term,
1846.

SHAW
v.
HOADLEY.

confessed, and a decree rendered against them as follows: That a certain sum was due, that the mortgaged premises be sold to pay it, and that the overplus, if any, be paid to *Daniel Mace* and *Mark Jones*, administrators of *Elam Shaw* deceased; and further, that if the mortgaged premises failed to sell for a sum sufficient to pay the decree and costs, the balance of said decree should be regarded as a debt due from *Mace* and *Jones*, as administrators as aforesaid, and that execution should issue against the goods of said *Shaw*, deceased, in their hands, &c.

*Mace* and *Jones* not being parties to the bill, that part of the decree rendered against them is void; nor would it have been proper to decree to them, as administrators, the surplus arising from the sale of said real estate had they been parties. On the death of *Shaw*, the equity of redemption in these premises descended, as real estate, to his heirs; and on a sale taking place, the surplus will go to them and not to *Shaw's* administrators. *Wright* v. *Rose*, 2 Sim. & Stu. 323.—*Moses* v. *Murgatroyd*, 1 Johns. Ch. R. 130.

A question has been made as to whether *Mace*, the co-mortgagor with *Shaw*, should not have been made a co-defendant to the suit. The bill shows that he has parted with his interest in the equity of redemption of the mortgaged land, and that the purchaser of the same took it subject to, and assumed the payment of, the whole mortgage-debt. Under such circumstances, we do not think *Mace* has such an interest in the real estate incumbered by the mortgage sought to be foreclosed, as renders him a necessary party to this bill. The cases of *Brown* v. *Stead*, 5 Simons, 535, and *Swift* v. *Edson*, 5 Conn. 551, are directly in point, that where a mortgagor has conveyed his equity of redemption to a person who has assumed payment of the mortgage-debt, he need not be made a party to a bill to foreclose such mortgage.

*Per Curiam.*—That part of the decree relative to a foreclosure and sale is affirmed; and the other part is reversed. Cause remanded, &c.

*J. Pettit* and *S. A. Huff*, for the plaintiffs.

*D. Mace*, for the defendant.