Nov. Term, 1857.

HOLLAND
v.
JONES.

Friday,
November 27.

---

### HOLLAND and Others *v.* JONES.

In a suit in chancery to enforce a mechanic's lien under the statute of 1843, a purchaser of the property after notice of lien, but before the commencement of suit, who was in possession, was a necessary party.

APPEAL from the *Lawrence* Circuit Court.

DAVISON J.—This was an action by *Jones* against *Holland, Proctor,* and *Critchlow,* to recover certain real estate in *Lawrence* county. The issues were submitted to the Court, who found for the plaintiff. New trial refused, and judgment, &c.

The facts of this case are substantially these: One

Saturday,
November 28.

*Austin Speer*, being the owner in fee simple of a lot of ground, which is the real estate in controversy, employed *Jones* to build a house on the lot. *Jones* built the house, and after its completion, viz., on the 10th of *January*, 1852, he filed in the recorder's office of the proper county, a notice of lien for the amount of his work and labor in the building. In *April*, 1852, *Jones* instituted a suit in chancery in the *Lawrence* Circuit Court, to enforce the lien. At the spring term of the Court, the bill was taken as confessed against *Speer*, and a decree rendered that the building and interest of *Speer* in the lot should be sold to satisfy the lien. Under this decree the property was sold by the sheriff to *Jones*, who received a sheriff's deed pursuant to the sale. · After *Jones* had filed his notice of lien, and before the institution of the chancery suit, *Holland* was rightfully in possession of the lot, under a deed in fee simple to him from *Speer*, which deed was duly acknowledged and recorded in the office of the recorder of said county, within the time prescribed by law, and before the commencement of the suit to enforce the lien. *Holland* was not a party to that suit. Since he received his deed from *Speer*, he has been continuously in possession of the lot. *Proctor* and *Critchlow* are his, *Holland's*, tenants.

As *Holland* was not a party to the suit to enforce the lien, it is insisted that the decree in that suit, as to him and his title to the property in contest, was inoperative. The general rule is, that all persons whose interest will be affected by the decree should be made parties; otherwise they will not be bound by it. 2 McLean, 266, 376.— 3 Cranch, 320.—3 Johns. Ch. 459. Mr. STORY says: "Where the mortgagor has conveyed his equity of redemption absolutely, the assignee only need be made a party to a bill to foreclose. * * * So if the mortgagor has assigned his equity absolutely to several persons jointly, they must all be made parties." Story's Eq. Pl. s. 197. In the case stated, *Holland* received an absolute deed for the premises on which the lien rested; his deed was duly recorded, and he was in possession of the property, when *Jones* brought his suit in chancery. It seems to follow that

*Holland* was a necessary party. When that suit was in- stituted, there was a statute in force relative to mechanics' liens, which provided that, any person having such lien might enforce the same by filing a bill in chancery. R. S. 1843, p. 777. But in looking into the various provisions of the statute, we perceive no intent to change the ordinary rules of a chancery proceeding, in respect to the necessary parties to a suit.

We are, therefore, of opinion that *Holland*, not being a party, was not bound by the decree. The result is, that the recovery against appellants cannot be sustained.

*Per Curiam.*—The judgment is reversed with costs.

*W. T. Otto* and *S. W. Short*, for the appellants.