Nov. Term,
1861.

BURKHAM *v.* BEAVER.

Cox
v.
MATTHEWS.

Where the mortgagor has sold his equity of redemption in the mortgaged premises, he is not a necessary party to a bill for foreclosure, but the order of sale, in such case, should be limited to the mortgaged premises, and no personal judgment taken against the holder of the equity of redemption.

APPEAL from the *Rush* Common Pleas.

*Tuesday,*
*December* 10.

*Per Curiam.*—One *Hurst* mortgaged a tract of land to *Beaver.* Afterward, the equity of redemption was conveyed to *Burkham*, "subject to the mortgage."

*Beaver* now files a complaint to foreclose against *Burkham. Shaw* v. *Hoadley*, 8 Blackf. 165, is in point, that *Hurst* was not a necessary party. There was a credit on the note secured by the mortgage, of the amount of another note given toward payment; but that note had not been paid, had not operated as a payment on the mortgage, and was not deducted in rendering the decree. This was right. There is nothing to show that *Burkham* was misled, but rather the contrary. The order of sale is limited to the mortgaged premises. There is no personal judgment against *Burkham.*

The judgment is affirmed, with 3 per cent. damages and costs, but with this instruction, viz., that the Court below so modify its language, as to expressly exempt *Burkham* from personal liability.

*Clark* and *Hackleman*, for the appellant.

*L. & W. O. Sexton*, for the appellee.