## MARVIN *v.* TAYLOR.

MECHANICS' LIEN.—PARTIES.—One who has purchased real estate after the filing of a mechanic's lien, and before the commencement of a suit to enforce the same, is a necessary party to such suit. A sale under a decree to which such purchaser is not a party is, as to him, a nullity.

APPEAL from the *Montgomery* Circuit Court.

ELLIOTT, J.—Suit by *Marvin,* the appellant, against *Taylor,* to recover the possession of a part of lot 69, and the build-

ings thereon, in the town of *Crawfordsville*. Answer in denial of the complaint. The court, to which the case was submitted for trial by agreement of the parties, found for the defendant. A motion for a new trial was overruled, and judgment for the defendant. *Marvin* appeals.

The evidence is all in the record, from which it appears that in 1856, *Hannibal Pursel* and *Albert Pursel* were seized in fee of the premises, on which they were then erecting a brick building, designed for store rooms and a hotel, called the *Pursel House*. On the 31st of *December*, 1856, *James Wallace* and *William Wallace* filed in the recorder's office of said county, a written notice of a lien on the *Pursel House*, for mason work done thereon, to the amount of $1,705, which was duly recorded. On the 26th day of *February*, 1857, the two *Pursels*, by deed of warranty, conveyed the premises to the appellant, *Marvin*. This deed was filed for record and duly recorded in the recorder's office on the day of its execution.

In the latter part of the year 1857, the precise date does not appear, *James* and *William Wallace* instituted a suit on their claim against the *Pursels*, in the *Montgomery* Circuit Court. Process was served on the defendants on the 25th day of *December*, 1857, and at the *March* term of said court, 1858, the plaintiffs recovered a judgment thereon, by default, against the *Pursels*, for the sum of $1,176 21, and costs of suit, to be collected without appraisement, the claim being evidenced by a promissory note waiving the benefit of the appraisement laws. The court also ordered and decreed, that in the event of the non-payment of said judgment and costs, the premises in dispute, or so much thereof as might be necessary for that purpose, be sold for the payment of the same. Such sale, however, "to be without prejudice to the rights of any prior incumbrancer, or persons not parties to said action." At the same term of the court, a similar judgment and decree, except as to the waiver of the appraisement laws, was rendered on a similar claim, in favor of *John D. Clinger*,

against the *Pursels*, for the sum of $2,200, and costs, notice of which claim and lien had been filed and recorded in the recorder's office of said county, on the 25th day of *February*, 1858. It further appears, that on the 26th day of *April*, 1858, proper executions were issued on said judgments, and delivered to the sheriff of said county, who, by virtue thereof, on the 31st day of *July*, 1858, after having first given the required notice of the time and place of sale, sold said real estate to the said *William Wallace*, he being the highest bidder, for the sum of $1,225, and, on the 1st of *September*, 1858, executed to him a deed therefor.

*Marvin*, the appellant, was not made a party to either of said suits. The property was sold without appraisement, for less than a moiety of its value. *Hannibal Pursel* continued in possession of the property until the latter part of the year 1863. *Taylor*, the defendant, was in possession at the time this suit was commenced, deriving his title from and claiming under the sheriff's sale and conveyance to *Wallace*.

Several minor questions, raised by the admission of evidence over the objection of the appellant, are discussed by the appellant's counsel. But the material question presented in the case is, do the facts in the case, as presented by the evidence, sustain the finding of the court for the defendant? In our opinion they do not.

Before, and at the time, the suits were commenced against the *Pursels* to enforce the mechanics' liens, *Marvin* was the owner in fee of the premises. His deed from the *Pursels* had been duly acknowledged and recorded in the office of the recorder of the county. The record of the deed was notice to *Wallace*, the purchaser at the sheriff's sale, of *Marvin's* title, and bound him, and all subsequent purchasers under him. *Marvin* should have been, though he was not, made a party to those suits, and it is well settled that all persons whose interest will be affected by the decree should be made parties, otherwise they will not be bound by it. *Brown* v. *Wyncoop*, 2 Blackf. 230; *Holland* v. *Jones*, 9 Ind. 495; *Shaw* v. *Hoadley*, 8 Blackf. 165. And to the same effect is

section 18 of the code, which provides that "any person may be made a defendant who has, or claims, an interest in the controversy, adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved." Here, *Marvin* was the owner in fee of the premises against which the mechanics' liens were sought to be enforced, and it was intended thereby to conclude his rights. He was therefore a necessary party to the suits, and, not having been made such, he is not bound by the decrees. As to him, the decrees, and the sales made under them, are mere nullities, and cannot, in any manner, affect his title. The case of *Holland et al.* v. *Jones*, 9 Ind. 495, is, we think, in point. True, in that case, *Holland*, the purchaser of the premises, after notice of the mechanics' lien was filed in the recorder's office, was in possession of the premises at the commencement of the suit, which fact is incidentally stated in the opinion of the court, but it cannot change the principle, that the purchaser in such a case, before suit, is a necessary party.

As to whether these claims, in another form, can still be enforced against the property, is a question not before us, and we express no opinion on the subject.

We think, for the reasons given above, that the court erred in overruling the appellant's motion for a new trial.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*J. M. La Rue* and *W. C. Wilson*, for appellant.

*Thomson & Ristine*, *S. C. Willson* and *J. M. Butler*, for appellee.