## VANDUYN *v.* HEPNER ET AL.

**REAL ESTATE, ACTION TO RECOVER.**—*Pleading.*—Although by statute the defendant in an action for the recovery of real property may avail himself of any defence under the general denial, he may nevertheless plead specially.

**SAME.**—*Statute of Limitations.*—In an action for the recovery of real estate, an answer that the suit was not brought within fifteen years after the cause of action accrued is bad. The period of limitation is twenty years.

**SAME.**—Since the code of 1852, it is not necessary that the possession of the defendant should have been adverse for twenty years to bar the plaintiff's claim; the statute begins to run from the time the cause of action accrued, and this whether the defendant's possession has been under a claim of title or otherwise, or whether the possession has been adverse or otherwise.

**SAME.**—Whether a deed is fraudulent and void as to creditors may be examined. and decided in an action to recover real estate, and in such cases the statute of limitations is twenty years. The limitation of six years for relief against frauds has no application.

**SAME.**—*Landlord and Tenant.*—The possession of the tenant is the possession of his landlord, and the statute of limitations does not begin to run against the latter until such tenancy is terminated.

**SAME.**—*Evidence.*—*Witness.*—In a suit against heirs for the recovery of real estate, where the statute of limitations is pleaded, it is competent to prove the admissions of the ancestor that he held the same as tenant of the plaintiff, and not as owner, and the plaintiff is a competent witness to prove such admissions.

**SAME.**—*New Trial.*—When a new trial has been granted as a matter of right, in a real action, and a second trial has been had, the Supreme Court will presume, where the record is silent on the subject, that the costs were paid before the granting of the new trial.

From the Vermillion Circuit Court.

*B. E. Rhoads* and *M. G. Rhoads*, for appellant.

*J. M. Allen, W. Mack, S. F. Maxwell,* and *S. D. Puett,* for appellees.

WORDEN, C. J.—This was an action by the appellant against the appellees, who were the widow and heirs at law of Joseph E. Hepner, deceased, to recover possession of certain real estate situate in said county of Vermillion.

The complaint was in three paragraphs. The first was in the usual statutory form. In the others, the alleged facts were stated more specifically. In them it was alleged in substance, that in 1834 the plaintiffs recovered a judgment in

the Park Circuit Court, against said Joseph E. Hepner, for the sum of two hundred and twenty dollars and some cents, besides his costs; that afterward, in 1836, one Joshua Wilkinson recovered a judgment against said Joseph E. Hepner, in the Vermillion Circuit Court, for one hundred and thirteen dollars and some cents; that in April, 1836, an execution, issued upon Wilkinson's judgment, was levied upon the land in controversy, which was afterward sold thereon for the sum of one hundred and twenty-seven dollars, Wilkinson becoming the purchaser and receiving the sheriff's deed therefor; that immediately after receiving the sheriff's deed, Wilkinson sold the land to said Joseph E. Hepner for one hundred and thirty dollars, which was paid by Joseph E. Hepner in full, with his own means, and a conveyance was executed by Wilkinson and wife to William and Greenbury Hepner, who were children of said Joseph E. Hepner; that William and Greenbury were then both under ten years of age, paid no part of the purchase-money, had no knowledge of the execution of the conveyance to them, and that the conveyance to them was procured to be executed to defraud the creditors of said Joseph E., who had no other property subject to execution; that in 1838 an execution was issued on the plaintiff's judgment and levied upon the land, and that the plaintiff purchased the same at the sheriff's sale for the sum of two hundred and one dollars, and that he received the sheriff's deed therefor; that on the purchase of the land by the plaintiff, the said Joseph E. acknowledged the plaintiff's title thereto, and, from that time until the time of his death in 1867, occupied and controlled the land as the tenant of the plaintiff. Prayer for the recovery of the land, and the quieting of the plaintiff's title.

Issue, trial by jury, verdict and judgment for the defendants William and Greenbury Hepner. William and Greenbury, we suppose, obtained their verdict and judgment on the ground of the conveyance to them of the property, and not on the ground of inheritance from their father. The other heirs of Joseph E., though some or all of them made

defence, seem to have dropped out of the case, as there was no verdict or judgment either for or against them. This being the case, it will be necessary to notice such questions only as are made in reference to the defence of William and Greenbury.

The record is somewhat confused, but we gather from it that William and Greenbury answered together, as follows:

1st. General denial.

2d. Statute of limitations of twenty years.

3d. Statute of limitations of twenty years.

4th. To the second and third paragraphs of complaint, statute of limitations of fifteen years.

5th. To the second paragraph of complaint, statute of limitations of six years.

6th. To the same paragraph, statute of limitations of twenty years.

7th. To the third paragraph, statute of limitations of twenty years.

8th. To the third paragraph, statute of limitations of six years.

9th. To the second and third paragraphs, that before the commencement of the action the said Joseph E. Hepner fully paid and satisfied the judgment in the Park Circuit Court.

The ninth paragraph seems to have been stricken out on motion of plaintiff, but afterward, as we infer from the record, a demurrer was filed to the fourth and ninth paragraphs, for want of sufficient facts, which was overruled, and exception taken. As there was no proof offered in support of the ninth paragraph of the answer, we incline to think it was not regarded as in the record. We shall, therefore, not notice it further.

The plaintiff moved to strike out all the paragraphs of the answer, except the first, the general denial, but the motion was overruled, and he excepted. This ruling is assigned for error. We think there was no error in this ruling. The statute, it is true, provides that in actions to recover possession of real estate, every defence, whether legal or equitable,

may be given in evidence under the general denial. 2 G. & H. 283, sec. 596. But it by no means follows that a defendant may not plead his defence specially. We think he may do so. Had the motion prevailed, it is probable the error would have been harmless, inasmuch as the defendants could have availed themselves of all defences under the general denial. But there was clearly no error in overruling the motion.

It is assigned for error that the court erred in overruling the several demurrers to the answers. We find no demurrer in the record except to the fourth and ninth paragraphs of the answer. The ninth, as we have seen, was struck out on motion. The fourth, directed to the second and third paragraphs of the complaint, was the statute of limitations of fifteen years. These paragraphs of the complaint, as well as the first, were for the recovery of the possession of the land. The period within which such actions must be brought is twenty, and not fifteen years. 2 G. & H. 158, sec. 211. The answer in question was bad, and the demurrer to it should have been sustained. If these paragraphs of the complaint had sought nothing more than the quieting of the plaintiff's title, perhaps the fifteen-year limitation, provided for in sec. 212, would have applied to them, but this is only suggested, and not decided.

We have thus noticed, we believe, all the questions made upon the pleadings in the cause. The plaintiff filed a reply of general denial.

There was one trial of the cause, which resulted in a finding for the defendants, and the record proceeds as follows: "And on motion of said plaintiff under the statute authorizing new trials, it is ordered that a new trial be granted in this cause, and that the cause be continued until the next term of this court." Afterward it was tried by a jury, resulting in a verdict and judgment as before stated.

The appellees make the point that the order granting a new trial and all subsequent proceedings were nullities. The ground on which this is claimed is, as we understand

the brief of appellees, that the record does not show that the first judgment was set aside, nor that the costs were paid at or before the order granting the new trial. The record does not show that any judgment was rendered on the first finding, and if it did, the order granting a new trial would operate as a vacation of the judgment. As the order granting the new trial was made, we will presume that the costs were paid, in accordance with the maxim that "all acts are presumed to have been rightly and regularly done." Besides this, the appellees appeared to the proceedings in the subsequent trial, and successfully resisted the plaintiff's claim, without objection, and they can not now be heard to say that the order and subsequent proceedings were nullities.

It may be gathered from the evidence that after Wilkinson purchased the land at sheriff's sale, as the property of Joseph E. Hepner, and received the sheriff's deed therefor, he sold it back to Hepner for one hundred and thirty dollars, which the latter paid, but he being insolvent procured Wilkinson and wife to convey it to the two boys, William and Greenbury, who paid no part of the consideration, to place it beyond the reach of creditors; that afterward the plaintiff purchased the land at sheriff's sale on execution issued on his Park county judgment, and received the sheriff's deed therefor; and that from the time of the plaintiff's purchase to the death of Joseph E. Hepner, the latter with his family occupied the land.

The court gave the following, amongst other charges, to which the plaintiff excepted:

" 1st. The statute provides that actions for the recovery of the possession of real estate shall be commenced within twenty years after the cause of action has accrued, and not afterward. The defendants in this case have set up that the plaintiff's action did not accrue within twenty years before the commencement of this suit. The plaintiff's action accrued at the time of the delivery of the sheriff's deed to him, if such deed was delivered; and if you believe from

the evidence that Wilkinson and wife made a deed to William and Greenbury Hepner, while they were infants, in 1836, and lived with their father, Joseph E. Hepner, on the land in controversy; and if you believe that the sons and father continuously occupied said land from the date of said deed to the sons until 1867, and Vanduyn has never been in possession, the plaintiff is barred by the statute of limitations, and you should give a verdict for the defendants.

"3d. In this case, the deed of Wilkinson to William and Greenbury Hepner bears date June 20th, 1836, and was recorded. The sale of the land to Vanduyn on his execution by the sheriff was made August 10th, 1838. The title of William and Greenbury Hepner is the oldest title and has priority in point of time; and if the consideration was paid to Wilkinson by Joseph E. Hepner, and the deed to his two sons was made to defraud Vanduyn and other creditors, the title so conveyed was good against Joseph E. Hepner and all the world, except as to creditors; and John Vanduyn as a creditor had six years within which to attack and have the said deed set aside for fraud; and if you believe their deed was put upon record, and duly recorded, and that six years had elapsed from that time before the commencement of this suit by the plaintiff, he cannot now attack said deed for fraud, and you should find for the defendants William and Greenbury Hepner."

It is claimed by the appellant that the first instruction is erroneous, inasmuch as it assumes that the mere fact of occupancy for twenty years by Hepner would bar the plaintiff's right of recovery. "This," say the counsel, "is not the law, even if Hepner were not the execution defendant. An occupancy of a hundred years would not bar the owner unless such occupancy was under claim of title and ownership, and was absolutely adverse. No length of occupancy will bar the true owner, unless such occupancy is hostile." Upon this point, a number of authorities are cited. This brings us to a point that has not been decided, so far as we are advised, under the code of 1852. It may be conceded

that up to the revision of 1852, the law was as is contended for by counsel for appellant. Under the previous revisions, there must have been a possession of twenty years under an adverse title, in order to bar the action. R. S. 1831, p. 378, sec. 3; R. S. 1838, p. 260, sec. 3; R. S. 1843, p. 799, sec. 44. See note 2 to case of *Law* v. *Smith*, 4 Ind. 56. In the case of *Porter* v. *Byrne*, 10 Ind. 146, it was said by the court, that " under the statute of limitations of 1843, which was in force when this suit was brought, an adverse possession, to be available, must have been exclusive and continuous, for twenty years, under such circumstances as to show the party to be occupying upon a claim of ownership, in himself, of the premises. Whether a different rule shall prevail under the statute of 1852, it is unnecessary to determine."

The statute of 1852, 2 G. & H. 158, sec. 211, provides that the " the following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards: * * * for the recovery of the possession of real estate—within twenty years."

The plain reading of this statute requires the action to be brought within twenty years after the cause of action has accrued ; and this, whether the defendant's possession has been under a claim of title or otherwise, or whether his possession has been adverse or otherwise. Whenever the right or cause of action has accrued, the statute begins to run. An English statute enacted "that after the 31st day of December, 1833, no person shall make an entry or distress, or bring an action to recover any land or rent, but within twenty years next after the time at which the right to make such entry or distress, or to bring such action, shall have first accrued to some person through whom he claims; or, if such right shall not have accrued to any person through whom he claims, then within twenty years next after the time at which the right to make such entry or distress, or to bring such action, shall have first accrued to the person making or bringing the same." This statute we quote from 2 Smith Lead. Cas., 7 Am. ed., p. 561. In the case of

*Nepean* v. *Doe*, 2 M. & W. 894, 910, the court hold that this statute did away with the doctrine of non-adverse possession, and except in cases falling within the fifteenth section of the act, the question is, whether twenty years have elapsed since the right accrued, whatever be the nature of the possession. In the case of *Culley* v. *Doe*, 11 A. & E. 1008, 1015, the court, after setting out the section above quoted, say: "The effect of this section is to put an end to all questions and discussions, whether the possession of lands, etc., be adverse or not; and, if one party has been in the actual possession for twenty years, whether adversely or not, the claimant, whose original right of entry accrued above twenty years before bringing the ejectment, is barred by this section."

Keeping in view the explicit language of the statute, and the authorities cited upon the construction of a similar statute, we are of opinion that the possession of the defendants need not have been adverse or hostile to the plaintiff, in order that the lapse of the specified time should bar the action. Consequently, the charge was unobjectionable so far as the point we have been considering is concerned.

But it is clear that if, after the purchase by Vanduyn, Joseph E. Hepner, either by express contract with Vanduyn, or by circumstances from which the law will imply such contract, became the tenant of Vanduyn, the possession of Hepner was the possession of Vanduyn, and the statute of limitations would not begin to run until such tenancy was in some way terminated. This brings us to a point that may here be properly noticed. It was proved on the trial that when the deed was made to the boys, William and Greenbury, they were not over six or eight years old; that after the sale to Vanduyn, Joseph E. Hepner lived on the land, farmed it, raised his family, including the two boys, who lived with him as members of the family, cleared some of the land, made and repaired fences and buildings, and used the crops; that when the two boys came of age, they married and lived on the place for a while, but about eighteen years before the trial moved off and went west. It might

well have been inferred by the jury that the possession was the possession of the father, and not of the two boys. It, therefore, became material to inquire whether the elder Hepner occupied the land as tenant of Vanduyn, or otherwise. Any competent evidence to establish the proposition that he occupied as tenant must have been admissible. At the proper time, the plaintiff offered to prove by one Eli Newlin, that soon after the purchase by the plaintiff, the said Joseph E. told the witness that he occupied the land as tenant of Vanduyn under a contract with him; that he said this frequently during his lifetime and within two or three years of his death; that he frequently told the witness that he was to pay the taxes, occupy the land as Vanduyn's tenant, keep up the repairs, and when he was able he was to repay Vanduyn his purchase-money and interest, and Vanduyn was to make him a deed for the land.

The plaintiff also offered to prove by himself, as against William and Greenbury, the same tenancy and agreement, but the evidence was excluded, and the plaintiff excepted.

We are of opinion that the evidence offered and rejected was competent, as tending to show that the elder Hepner occupied as the tenant of the plaintiff, and that the court erred in its exclusion. The plaintiff was a competent witness to prove the facts to which he offered to testify, and the facts were admissible. The admissions or statements of Joseph E. Hepner were admissible against William and Greenbury, so far as they claimed by descent from their father, if not in respect to their claim by purchase.

We proceed now to the consideration of the third charge above set out. That charge was, in our opinion, radically wrong. It has been the law of Indiana from an early period, that whether a deed be fraudulent and void as to creditors, may be examined and decided in an action of ejectment. *Brown* v. *Wyncoop*, 2 Blackf. 230. In very many actions to recover the possession of real estate, the plaintiff's right to recover depends upon the question whether some deed, under which the defendant claims, is fraudulent and void. The

statute provides, that actions "for relief against frauds" shall be brought within six years. This provision applies to actions, the immediate and primary object of which is to be relieved from frauds, and not to actions to recover possession of real estate, though in order to avoid the defendant's defence, fraud may have to be shown. The latter class of actions cannot be said to be actions for relief against frauds. They are simply actions for the recovery of real estate, and the defence set up under a fraudulent conveyance may be avoided by showing the fraud. If the provision alluded to applied to actions to recover real estate, we should have two periods of limitation for such actions: six years where the defendant claimed under a fraudulent conveyance, and twenty where he claimed under one free from fraud.

There are some other questions made in the cause which are not very important, and which may not arise upon another trial. We therefore pass them. For the errors above noticed, the judgment below will have to be reversed.

The judgment is reversed, with costs, and the cause remanded for a new trial.