## GREEN *v.* GREEN.

WILL.—*Devise in Satisfaction of Obligation to Convey.*—A father, owning certain real estate with a site for a water mill thereon, formed a contract of partnership with his son A., by which a mill was to be erected and A. was to become the owner of one-half of the mill and mill-site, and the contract was executed in all respects, except that the father died without

conveying one-half of the mill-site to A., but left a will, by which he gave one-half of the mill and mill-site to A. and the tract of real estate on which the mill-site was located to his widow for life, and after her death to his son B., excepting in each of the latter devises one-half of the mill-site before devised to A.

*Held,* that the testator intended the devise to his son A. as a satisfaction of · his obligation to convey to him one-half of the mill-site; and he could not claim the whole, one-half by contract and the other half by devise.

From the Monroe Circuit Court.

*J. T. Cox, J. F. Pitman, W. R. Harrison,* and *W. S. Shirley,* for appellant.

*P. C. Dunning* and *J. S. Hester,* for appellee.

WORDEN, J.—Complaint by the appellant against the appellee, alleging, " that heretofore, to wit, on the —— day of ———, 1839, at said county, one Solomon Green, Sr., the father of the plaintiff and defendant, was the fee simple owner in his own right, and in possession of the following lands, to wit: the north-east quarter of section 25, in township 8, north of range 2 west; which said tract of land was traversed by a stream of water, and had thereon a site suitable for a water grist-mill; and said Solomon Green, Sr., and plaintiff then and there entered into and formed a partnership, for the purpose of erecting and operating on said land and stream of water and site a water grist-mill; and in pursuance of said partnership, it was agreed between said Solomon, Sr., and plaintiff, that said Solomon should, and he then did, sell and deliver to plaintiff, for the purposes of said partnership and said mill, the said mill-site, to wit, five acres in extent and amount of said tract of land, to be so laid off and bounded as to embrace the dam, race, yard, and building site for said mill edifice, at the price of one hundred dollars; and plaintiff did then proceed, in pursuance of said agreement as to said partnership, to build, finish, and furnish with all necessary machinery said grist-mill on said land, stream, and site; and, in money, work, labor, and materials, in the construction of said mill, did pay to said Solomon, Sr., the sum of one hundred dollars as the price of said five acres of said land; that by the terms

of said partnership agreement, said Solomon, Sr., and plaintiff each of them became entitled to, and were the owners of, one-half thereof; and said Solomon then and there agreed to make to plaintiff a good and sufficient title to one-half thereof; that in pursuance of said partnership agreement, plaintiff expended and laid out in constructing said mill and the dam and the race, and machinery therefor, and in repairs thereon, and in labor in operating the same, the amount and value of three thousand dollars; that from the time aforesaid until the —— day of ——, 1849, said plaintiff, on behalf of said partnership, continued in possession of said mill-site and mill, and to operate said mill for the benefit of said Solomon, Sr., and himself; at which time and at said county, said Solomon, Sr., departed this life without having executed to plaintiff the deed of conveyance for said mill-site; that said Solomon, Sr., before his death, made and published his last will and testament, which was duly proven and entered of probate in this court, a copy of which is filed herewith and hereof made a part, wherein and whereby he bequeathed to plaintiff his half of said mill, with said site, embracing said five acres of said tract of land, to be so laid out as to include said mill, mill-race, and mill-pond, and therein and thereby also bequeathed to said defendant the said tract and quarter section of land, after the death of his widow, subject to the said bequest of said mill and mill-site to plaintiff; that said defendant acquired possession of said tract and quarter section of land on the —— day of ——, 1854, upon the death of the widow of said Solomon, Sr., except the said mill and mill-site, as set forth herein, but plaintiff retained and still holds and retains the possession and ownership of said mill and site, and has so retained, held, and owned the same and the possession thereof from the year 1839 to the present; that said defendant has had full and perfect notice and knowledge of each and all of the facts herein alleged from the time of the formation of said partnership, in 1839, down to the present; that defendant now, and for three years and more last past, has pretended and given out that the plaintiff is the owner of

but one-half of said mill and but one-half of the said mill-site, dam, race, and yard, and that the said Laban is the owner of the other half thereof, and has threatened to oust and deprive plaintiff of the use, possession, and ownership of one-half thereof, and thereby has created a cloud upon plaintiff's title thereto, and greatly diminished the value thereof to plaintiff; wherefore plaintiff prays that he may be adjudged the absolute owner in fee simple of said mill, mill-site, dam, pond, and yard, and of the said five acres of land," etc.

The portions of the will set out in the complaint, necessary to an understanding of the question involved, are as follows:

"As to such worldly estate as it has pleased God to entrust me with, I dispose of the same in the following manner:    *

*    *    I also give and bequeath to my son Solomon, his heirs and assigns forever, the following parcel of land, as follows: The west half of the north-west quarter of section 19, in township 8, range 1 west; also one-half of the grist-mill, with five acres of land, laid out in such manner so as to include the mill, mill-race, and mill-pond, which parcel of land lies in the north-east quarter of section 25, township 8, range 2 west.    *    *    *    I also give and bequeath to my wife Rachel the following parcel of land her lifetime, or during her widowhood, to wit: The north-east quarter of section 25, in township 8, range 2 west, with the exception of the one-half of the five acres bequeathed to my son Solomon.    *    *    *    I also give and bequeath to my son Laban, his heirs and assigns forever, the following parcel of land after the death of his mother, to wit: The north-east quarter of section 25, in township 8, north of range 2 west, with the exception of the one-half of the five acres bequeathed to my son Solomon."

A demurrer was sustained to the complaint, for the want of a statement of sufficient facts, to which exception was taken, and final judgment was rendered for the defendant.

The error assigned is that supposed to have been committed in sustaining the demurrer.

The question involved is, whether the plaintiff, on the facts stated, is entitled to one-half only of the five-acre tract of

land, or to the whole of it—one-half by virtue of his purchase from his father and the other by virtue of the will.

It may be observed, in a preliminary way, that there is no question in the case as to the partnership accounts between the plaintiff and his father. It is alleged that the plaintiff, in the construction and operation of the mill, etc., expended the sum of three thousand dollars. But how much his father expended, or whether anything, does not appear; nor does it appear how much the plaintiff had been reimbursed from the proceeds of the mill. It does not appear, even if that would be material in the cause, that anything would have been due the plaintiff from his father on a full settlement of their partnership accounts, and taking into consideration the disbursements of each.

Another matter preliminary to the main question may be noticed. What did the plaintiff buy, and what did his father sell to him? In one part of the complaint, it is alleged to have been the five acres; but it is subsequently alleged that the plaintiff and his father "each of them became entitled to and were the owners of one-half thereof; and said Solomon then and there agreed to make to plaintiff a good and sufficient title to one-half thereof."

It appears clearly enough, therefore, that the plaintiff bought of his father the half only of the five-acre tract, and his father agreed to convey to him that half. The payment for the same is alleged to have been made, and we assume that there was such part performance as took the contract out of the statute of frauds. The father was under obligation to convey to the plaintiff the half of the tract, but died without having done so, the legal title to the whole of it remaining in himself up to the time of his death. Though the property was partnership property, and for many purposes might be regarded as personal property, yet the legal title remained in the father up to the time of his death, and upon his dying intestate it would have descended to his heirs, subject to any rights growing out of the partnership and to any rights of the plaintiff as purchaser. Parsons Par., 373; Story Par., sec. 92.

We have seen that the plaintiff's father died under an obligation to convey to the plaintiff one-half of the property. We now inquire what he did by his will. He gave to the plaintiff " one-half of the grist-mill, with five acres of land, laid out in such manner as to include the mill, mill-race, and mill-pond, which parcel of land lies in the north-east quarter of section 25, township 8, range 2 west." The will immediately proceeds to devise the same quarter section of land to his wife for life or during her widowhood, " with the exception of the one-half of the five acres bequeathed to my son Solomon," with remainder over in fee to Laban, subject to the same precise exception. In construing a will, all its parts must be considered in order to arrive at the true meaning and intent of the testator. There is first given to the plaintiff " one-half of the grist-mill, with five acres of land," etc. But the same land is subsequently devised to the widow for life, with remainder in fee to Laban, except " the one-half of the five acres bequeathed to my son Solomon." This renders it very clear that in the devise to Solomon it was intended to give him the one-half of the mill and one-half of the five acres of land only, instead of the whole of the five acres. An argument is based by the appellant upon the fact that, in the clause making the devise to the plaintiff, one-half of the mill is mentioned, but is not in either of the exceptions which are contained in the devises to the widow and to Laban.

We have seen that, by the terms of the will, the clear and undoubted intention was to give the plaintiff one-half of the five acres only, and not the whole. The devise to him of one-half of the five acres would have carried with it one-half of the mill thereon, without any express mention thereof. So, the exceptions to the devises of the quarter section, of " the one-half of the five acres bequeathed to my son Solomon," will save from the devise the one-half of the mill. " The grant of land carries houses, trees, and everything standing or growing upon the surface." 3 Washb. Real Prop. 338, side p. 625.

The will of the testator seems to give to the plaintiff just what he was bound by contract to convey to him. And if the

plaintiff is entitled to one-half of the five acres by virtue of the contract, and the other half by virtue of the will, then the clause in the will giving to the widow and to Laban the whole quarter section, except the half of the five acres bequeathed to Solomon, must be nugatory so far as the other half of the five acres not excepted out of those devises is concerned.

This would be contrary to the expressed intention of the testator. He expressly provided, that the widow and Laban should have the entire quarter section, except the one-half of the five acres bequeathed to Solomon. This could not be, if Solomon is entitled to one-half by contract and the other half by the devise.

Under these circumstances, it must be held that the testator intended the devise to the plaintiff as a satisfaction of his obligation to convey to him the half of the five acres of land, and that the plaintiff cannot claim one-half by contract and the other half by devise.

" Satisfaction," says Story, " may be defined in equity to be the donation of a thing, with the intention expressed or implied, that it is to be an extinguishment of some existing right or claim of the donee. It usually arises in a court of equity as a matter of presumption, where a man, being under an obligation to do an act (as to pay money), does that by will, which is capable of being considered as a performance or satisfaction of it, the thing performed being *ejusdem generis* with that which he has engaged to perform. Under such circumstances, and in the absence of all countervailing circumstances, the ordinary presumption in courts of equity is, that the testator has done the act in satisfaction of his obligation." Story Eq. Jur., sec. 1099. See, also, on this subject, 1 Powell Devises, 433, and note 4; Roper Leg. 1028; *Blandy* v. *Widmore*, 1 Peere Williams, 324, and note; *Chancey's Case*, 1 Peere Williams, 408, and note; 2 Redf. Wills, 185, and note; *Eaton* v. *Benton*, 2 Hill N. Y. 576.

Whatever doubts there may be as to the propriety of indulging in the presumption that the bequest or legacy was intended by the testator as a satisfaction of his obligation, in the absence

of anything in the will evincing such intent, such doubts cannot affect the question involved here. Here it is manifest, as has already been shown, that the testator intended that the plaintiff should have only one-half of the five acres, for he devised the other half to his widow and Laban. Hence the will, on its face, shows that he intended the devise of the half of the five acres to the plaintiff to be a satisfaction of his obligation to convey it to him.

For these reasons, we are of opinion that the ruling below was right, and that the judgment must be affirmed.

The question is not involved here, nor do we decide, whether the appellant cannot protect his possession under the statute of limitations against an action brought to recover or part the the property. See, however, the case of *Vanduyn* v. *Hepner*, 45 Ind. 589.

The judgment below is affirmed, with costs.

BUSKIRK, J., having been of counsel in the cause, did not participate in the decision.