Filed Feb. 24, 1885.

----

No. 12,012.

PETRY v. AMBROSHER ET AL.

INJUNCTION.—*Judgment.*—*Right of Land-Owner to Enjoin Sale of Land on Judgment against Another.*—A land-owner may maintain an injunction to prevent the sale of his land upon a judgment rendered against another person.

JUDGMENT.—*Parties.*—One who is not made a party to an action is not concluded by the judgment therein rendered.

PARTIES.—*Necessary and Proper Parties.*—*Foreclosure of Mortgage.*—*Owner of Equity of Redemption.*—Where land conveyed by mortgage is afterwards sold by the mortgagor, his vendee is a necessary party to the action to foreclose the mortgage, but the mortgagor is not, unless a personal judgment is sought against him, although he may be a proper party.

Petry *v.* Ambrosher *et al.*

VENDOR AND PURCHASER.—*Volunteer.*—*Consideration.*—One who has not paid a consideration for property is, as a general rule, regarded as a mere volunteer, and a mere volunteer can not secure the defeat of a lien or the overthrow of a judgment.

SAME.—*Bona Fide Purchaser.*—*Husband and Wife.*.—*Vendor's Lien.*—*Precedent Debt.*—A wife who receives a conveyance of land from her husband in payment of a precedent debt, and does not change her condition on account of the conveyance, is not a *bona fide* purchaser for a valuable consideration in such a sense as to be entitled to defeat the vendor's lien of her husband's grantor for the purchase-money of the land.

From the Jay Circuit Court.

*J. W. Headington* and *J. J. M. LaFollette,* for appellant.

*D. T. Taylor, J. M. Smith* and *T. Bailey,* for appellees.

ELLIOTT, J.—The appellant alleges in his complaint that he is the owner of the real estate which is the subject of controversy in this action; that the appellee Ambrosher is the owner by assignment of a judgment and decree rendered by the Jay Circuit Court against Samuel H. and Joseph Williams, foreclosing a lien against the land; that the appellant had no notice of the lien; that an execution was issued on the judgment at the instance of Ambrosher, and that his co-appellee Colly C. Wingate, as sheriff of Jay county, is threatening to sell the land of the appellant to satisfy the judgment. The complaint prays an injunction.

An owner of property has a right to enjoin its sale upon a judgment rendered against another person. It is clear that one man's land can not be seized to pay a judgment against a person who stands to him as a stranger. *Bishop* v. *Moorman,* 98 Ind. 1 (49 Am. R. 731). The appellant did not mistake the form of the remedy.

A person who is not made a party to an action is not bound by the judgment or decree, unless, indeed, he becomes a privy in contract or estate to the judgment debtor. It has often been held that the owner of land is not bound by a decree rendered in a suit to which he was not a party. This principle applies even in cases where mortgaged land has been sold, and the mortgagor, but not his grantee, is made a party to the

suit.   Where a lien is sought to be enforced against the land, the owner of the land, or equity of redemption, must be made a party, and where this is the only remedy sought, the grantor or mortgagor is not a necessary party, although it may, perhaps, be proper to make him one; but where a personal judgment is sought against the mortgagor or grantor, then he must be made a party to the action in order to obtain a judgment against him, bar his equity of redemption, or foreclose his rights.   *Marvin* v. *Taylor*, 27 Ind. 73; *Holland* v. *Jones*, 9 Ind. 495; *Stevens* v. *Campbell*, 21 Ind. 471; *Burkham* v. *Beaver*, 17 Ind. 367; *Shaw* v. *Hoadley*, 8 Blackf. 165; 2 Jones Mort., sections 1290, 1292; Story Eq. Pl., section 197; Pomeroy Rem., sections 330, 336.   We think the complaint shows that the appellant became the owner of the land before the commencement of the suit, and that he is, therefore, not necessarily concluded by the decree rendered in the suit.

The complaint is not very carefully drawn, but the remedy for uncertainty is by motion, and not demurrer, so that if more specific statements were desired, a motion to make more certain should have been addressed to the complaint.

There is, however, a fatal defect in the complaint.   It is not alleged that the appellant was a purchaser for value.   For anything that appears he is a mere volunteer.   In order to secure the defeat of a lien and the overthrow of a judgment, the party must show that he paid a valuable consideration for the property affected by the decree.   It will not be presumed in favor of such a person, that he is a *bona fide* purchaser for value, for the validity of the lien is not questioned, nor is the validity of the decree impugned in so far as it adjudicates upon the rights of the parties before the court, and, surely, a mere volunteer can not defeat the lien or secure a vacation of the decree.   In a work upon equity, first given to the world more than a century ago, it was said: "But, regularly, equity is remedial only to those who come in upon an actual consideration."   1 Fonblanque Eq. (2 Am. ed.), p. 348.   In a note to the text it is written: "It is certainly generally

true, that equity will not be remedial or assistant to mere volunteers." *Colman* v. *Sarrell*, 3 Bro. Ch. 12; *Chitty* v. *Parker*, 2 Vesey, 271; *Halliday* v. *Hudson*, 3 Vesey, 210; *Kennell* v. *Abbott*, 4 Vesey, 802; *Bunn* v. *Winthrop*, 1 Johns. Ch. R. 336. Judge Story, in speaking of the course of a court of equity in cases of volunteers, says: " It will not aid one against another; neither will it enforce a voluntary contract." 1 Story Eq. Juris., section 433. In his work on Pleading the same great lawyer said: " From what has been already said, the plea of a purchase for a valuable consideration can not be set up as a defence, by a party, who claims under a mere voluntary conveyance, or other voluntary title." Story Eq. Pl., section 811. Our decisions have recognized this general doctrine in very many cases, and have uniformly declared that a volunteer can take no greater rights than his grantor, and that he takes them burdened with all the equities that existed against his grantor at the time of the grant. *Mendenhall* v. *Treadway*, 44 Ind. 131, see auth. p. 134; *Wilson* v. *Wilson*, 86 Ind. 472.

The court erred in overruling the demurrer to the complaint, and the cross errors of the appellees are well assigned.

As the complaint is bad, there would have been no error in overruling the demurrer to the answer even if it had also been bad, but it was clearly good.

The questions raised by the demurrers to the replies can not be understood without giving a brief synopsis of the answer. This pleading alleges that promissory notes were executed for the purchase-money of the real estate in controversy; that these notes were assigned to David C. Baker, who brought suit on them, and sued, also, to enforce a vendor's lien; that suit was brought on the 5th day of June, 1878, and on the 18th day of that month the appellee's assignor recovered judgment against Samuel H. and Joseph Williams, the makers of the notes, and recovered, also, a decree declaring a vendor's lien; that on the 22d day of May, 1877, Samuel

Vol. 100.—33

Williams and his wife conveyed the land to Elizabeth Gillum, and on the same day she executed a deed to Susanna Williams, the wife of Samuel Williams, and that no consideration was paid for either of these conveyances. It is further alleged that neither of the deeds was recorded until August 13th, 1878; that in the meantime Samuel Williams retained possession of the land and concealed the execution of the deeds for the purpose of defrauding creditors; that, at the time Baker commenced his action, he had no notice of the execution of the deeds; that in November, 1879, Baker assigned the decree and judgment to the defendant for value.

The reply avers that the land was conveyed to the wife of Samuel Williams to secure a debt which he owed her, and that she received the land in payment of that debt. This does not show that she is a *bona fide* purchaser for value in such a sense as to enable her to defeat the right of the vendor to enforce a lien for the purchase-money. It would be gross injustice to permit a man to get another's land without paying for it, and, after having got it, turn it over to his wife in payment of a precedent debt. It is clear that the vendor's is the stronger equity, and it is also prior in point of time. A precedent debt is a consideration sufficient to support a contract. *Boling* v. *Howell*, 93 Ind. 329, see p. 331; *Hewitt* v. *Powers*, 84 Ind. 295. It is not, however, such a consideration as will constitute a person a *bona fide* purchaser, with rights superior to those of the unpaid vendor of the land. It is not difficult to discriminate and plainly indicate the line between cases where a precedent debt is relied upon to support a contract between the parties, and those where it is relied upon to defeat a prior equity. *Busenbarke* v. *Ramey*, 53 Ind. 499; *Gilchrist* v. *Gough*, 63 Ind. 576; *Davis* v. *Newcomb*, 72 Ind. 413; *Louthain* v. *Miller*, 85 Ind. 161; *Durham* v. *Craig*, 79 Ind. 117, *vide* p. 125; *Evans* v. *Pence*, 78 Ind. 439, *vide* p. 440; 2 Pomeroy Eq., section 749.

Where the creditor essentially changes his position, or parts

with a valuable security or right, then he may be deemed a *bona fide* purchaser if he buys without notice, although the consideration is an antecedent debt. But in order that this may result there must be an essential change of position, to the manifest injury of the creditor. *Boling* v. *Howell, supra,* see p. 337; *Fitzpatrick* v. *Papa,* 89 Ind. 17, see p. 19; *Gilchrist* v. *Gough, supra; Kester* v. *Hulman,* 65 Ind. 100; *Mayor* v. *Grottendick,* 68 Ind. 1. It does not appear from the reply that the creditor did essentially change her position or part with anything of value, and the case is, therefore, not within the exception to the general rule.

There are other reasons why the reply is bad, but we deem it unnecessary to discuss them.

Judgment affirmed.

