No. 11,440.

## DAUGHERTY v. DEARDORF.

DESCENT.— *Widow Taking Whole of Husband's Land.—Action for Possession.— Evidence.—Burden of Proof.*—Under section 2490, R. S. 1881, a widow who is entitled to all the real estate of which her husband died the owner, in case he left no surviving child or father or mother, must, in an action by her for possession, prove that there are no such survivors.

MORTGAGE.—*Foreclosure. — Parties. — Owner of Equity of Redemption. —* An owner or holder of the equity of redemption from the mortgagor or a mesne purchaser, is as necessary a defendant to a suit to foreclose as a mortgagor still owning the land, and if not made a party the decree is void as to him.

From the Fulton Circuit Court.

*S. Keith,* for appellant.

*I. Conner, M. L. Essick* and *O. F. Montgomery,* for appellee..

ELLIOTT, J.—The appellee was the widow of Andrew J. Daugherty, who died the owner of the land in controversy,. and under our statute she would have inherited all of the real estate of her deceased husband if he had left surviving him no child and no father or mother. R. S. 1881, section 2490. But in order to entitle her to recover in an action prosecuted by her for the possession of land, upon the theory that she was entitled to it as the widow of her husband, it was incumbent upon her to prove that her husband left no father or mother and no children surviving him. This conclusion results from the old and familiar rule that a plaintiff in ejectment must recover on the strength of his own title. It was, therefore, error for the court to instruct the jury, as it did, in effect, that she was entitled to recover if she proved that she was the widow of Andrew J. Daugherty, and that he died the owner of the land. If the case is to be regarded as resting on the theory that the appellee was entitled to all the land in virtue of her rights as widow, the judgment must be reversed; but it is contended that she had an additional title derived from another source, and if that title is sufficient to entitle her to recover, the error in the instruction was a harm-

less one. We concur in the view of counsel, that if the evidence clearly shows that the appellee did have another valid title, the error in the instruction can not reverse the judgment.

The title which the appellee seems to have really relied upon was one derived through a sheriff's sale, and if that title was a valid one the judgment should stand, notwithstanding the erroneous instruction to which we have referred. The sheriff's sale was made on a decree of foreclosure rendered in a suit brought by Eli R. Hernan in August, 1871, on a mortgage executed by Alexander Dane and Sophia Dane, in June, 1865. The mortgagors and Frisby Nye, but no others, were made parties to the suit. On the 18th day of February, 1867, Alexander and Sophia Dane conveyed the land to James M. and Andrew J. Daugherty, and in September, 1867, James M. conveyed to Andrew J. Daugherty. It thus appears that when the foreclosure suit was commenced Andrew J. Daugherty was the owner of the land by virtue of a deed executed in 1867. This decree was void, as to the owners of the land, for it is a well established rule that if the owners of the mortgaged premises are not made parties to the suit the decree is void as to them. *Petry* v. *Ambrosher*, 100 Ind. 510; *Curtis* v. *Gooding*, 99 Ind. 45; *Marvin* v. *Taylor*, 27 Ind. 73; *Stevens* v. *Campbell*, 21 Ind. 471; *Burkham* v. *Beaver*, 17 Ind. 367; *Shaw* v. *Hoadley*, 8 Blackf. 165; 2 Jones Mortg., sections 1290, 1292; Story Eq. Pl. 197; Pomeroy Remedies, sections 330, 336.

A recent writer, in discussing this question, says: "An owner or holder of the equity of redemption by purchase from the mortgagor or a mesne purchaser is as necessary a defendant to a foreclosure as a mortgagor still owning the mortgaged premises." Wiltsie Mortg. Foreclosures, 85. Decisions from almost all the courts of the country are cited in support of this doctrine, and, in our opinion, it is not only well supported by authority, but it is the only doctrine defensible on principle. It is a familiar principle of Ameri-

can law, that the mortgagor remains the owner of the fee, and the mortgagee simply acquires a lien on the land; it would therefore be a perversion of justice to permit the vendee of the mortgagor, the owner of the fee, to be divested of his land by a suit to which he was not a party.

The case of *Cline* v. *Inlow*, 14 Ind. 419, has been cited as opposed to the doctrine of the later and earlier cases in our reports, but it can not be justly regarded as in conflict with them, for all that is there really decided is that an answer by the mortgagor that he had sold the land was bad, for the reason that it did not respond to that part of the complaint which demanded a personal judgment.

The decision in *Sumner* v. *Coleman*, 20 Ind. 486, is in conflict with the earlier and the later cases, but it is a case so little considered that it could not be regarded of great weight, even if not in conflict with other decisions, for all that is said upon the question is, "Sumner would have been a proper, but was not a necessary party of record, to that suit."

As the heirs of Andrew J. Daugherty were not parties to the foreclosure suit, no interest of theirs was impaired, and no title vested in the purchaser at the sale on the decree, so that the vendee of the purchaser acquired no title as against them.

It is, however, argued that as the appellee was the only heir no one else can complain. This argument might, perhaps, be valid if there was any evidence that she was the sole heir, but there is no such evidence in the record. As the appellee must recover upon the strength of her own title, and not upon the weakness of her adversary's, it was essential to the validity of her title under the sheriff's sale to show that her husband left neither father nor mother nor children.

Judgment reversed.

Filed Oct. 6, 1886.