No. 14,051.

## MAPLE v. STEVENSON.

REAL ESTATE.—*Action to Recover.*—*Permissive Occupation.*—*Statute of Limitations.*—*Case Distinguished.*—Where a person occupies the land of another, without color or claim of title, and admitting the title of the true owner, for twenty years, the right of the owner to recover his land is not barred by the statute of limitations. *Vanduyn* v. *Hepner*, 45 Ind. 589, distinguished.

SAME.—*Adverse Possession to Defeat Action for Recovery.*—In order to defeat an action for the recovery of real estate there must be an actual possession by an adverse claimant, and an intention by him to oust the true owner and possess for himself, and this must be continued for twenty years.

From the Decatur Circuit Court.

*J. S. Scobey,* for appellant.

*J. K. Ewing* and *C. Ewing, Jr.,* for appellee.

OLDS, J.—This is an action by the appellant against the appellee to recover the possession of a small parcel of real estate.    At the request of the plaintiff the court found the facts and stated its conclusions of law.

The conclusions of law and judgment were in favor of the defendant, as to all of the land.

All of the real estate described in the complaint, except the following described parcel, to wit: commencing two poles and nine links south, and north 76° west twenty poles and six links from the half-mile post, east side of section 14, town. 10, range 10, in said county, for a beginning ; thence south nine poles and five links ; thence north 76° west six poles and four links ; thence north nine poles and five links ; thence south 76° east six poles and four links, to the place of beginning, the findings show was occupied by the defendant and the grantors through whom he derives title ad-

versely to the plaintiff for more than twenty years before the commencement of this suit.

As to the remaining portion, which is hereinbefore described, the findings show the same to have been occupied by the defendant and his grantors of the other parcels of the land, through whom he claims title in connection with the other portion of the real estate which they claimed and held the title to; that the plaintiff is the legal owner of the tract which is hereinbefore described, and the defendant and the persons who occupied the same prior to him occupied it with the permission of the owner for more than twenty years prior to the commencement of this suit without any color of title, and without any claim of title; the land was not sold, or conveyed, or attempted to be conveyed, from one to the other, but each successive owner of the other tract occupied this, the owner permitting the occupancy, that is, making no objection; no rent was paid, and the occupants did not dispute the title of the owner, or make any claim of title themselves. The defence is made to the plaintiff's recovery on the ground that the plaintiff's right to recover the land is barred by the statute of limitations; that having failed to bring his action for twenty years he can not now maintain it, and the case of *Vanduyn* v. *Hepner*, 45 Ind. 589, is cited in support of this theory. The facts found would seem to bring the case within the broad doctrine stated in the case of *Vanduyn* v. *Hepner*, *supra*. But the facts in that case differ somewhat from the facts found in this case; and some statements are made in the decision in that case which may bear a broader construction than was intended.

We think it can not be held that when one person occupies the land of another, without color or claim of title, and admitting the title of the true owner, for twenty years, the right of the owner to recover his land is barred by the statute of limitations. There is no occasion for bringing any action for the possession, unless the owner desires to occupy

the land himself. If the owner does not desire to make any use of the land himself, and some person is occupying the land admitting his ownership, and such occupancy is unobjectionable to the owner, it can not be contended, with any degree of plausibility, or sustained by any authority, that such occupant derives any title to the land; hence, the theory contended for leaves the owner in the position of owning the land after the expiration of twenty years, and yet can not recover possession of it. In order to defeat an action for the recovery of real estate there must be an actual possession by an adverse claimant, and an intention by him to oust the true owner and possess for himself, and this must be continued for twenty years.

In Malone Real Property Trials, p. 270, it is said: "Says Ch. J. Marshall, in *Kirk* v. *Smith*, (9 Wheat. 241), 'It has not only been recognized in the courts of England, but in all others where the rules established in those courts have been adopted, that a possession which was permissive, and entirely consistent with the title of another, should not bar that title, and that it would shock the sense of right which must be felt by all legislators and judges were it otherwise.' To constitute this possession adverse, it may be said generally, that two things must concur: 1. Actual possession by the adverse claimant, and 2. An intention to oust the true owner and possess for himself. And, of course, a continuation of the possession during the time fixed. Says Mr. Angell: 'The fact of possession *per se* is only an introductory fact to a link in the claim of title by possession, and will not simply of itself, however long continued, bar the right of entry of him who was seized, and of course creates no positive title in any case.'"

This we regard as stating the true doctrine. There need be no color of title, but there must at least be a possession for the proper period, accompanied by a claim of title, an intention to oust the true owner, and these elements did not exist according to the finding of facts in this case as to the

portion of the real estate which we have described in this opinion.

In Sedgwick & Wait Trial of Title to Land (2d ed.), section 729, it is said: " It may be laid down as an indisputable general rule of law, that to constitute an effectual adverse possession two things must concur : *First.* An ouster of the real owner, followed by an actual possession by the adverse claimant; and, *Second.* An intention on the part of the latter to so oust the owner and possess for himself." According to the facts found in this case, it can hardly be said that the true owner was ever ousted or that he had any right of action. The land being occupied with his consent, and the occupant recognizing his title, it may be questioned whether such occupancy was not the occupancy of the true owner the same as if he were occupying by a tenant, but the defendant having appeared and contested the right of the plaintiff to recover, he becomes liable for costs, which he might have avoided by a proper plea. Section 1072, R. S. 1881.

The doctrine laid down in the authorities we have quoted is in harmony with the decisions of this court, except possibly some expressions made in the decision in the case of *Vanduyn* v. *Hepner, supra,* which has not been followed in any decisions in support of a different rule. In this case the occupancy was with the implied permission of the true owner, and in the case of *Vanduyn* v. *Hepner, supra,* the occupancy was not by the permission of the owner, and is distinguishable in this particular.

It follows, therefore, from the conclusion we have reached that the court erred in its conclusions of law, and the judgment must be reversed. The facts having been fully found by the court, justice will be best subserved by a reversal of the judgment, with directions to restate the conclusions of law and render judgment in accordance with this opinion.

Judgment reversed, at costs of appellee, with directions to restate the conclusions of law by stating conclusions of

law to the effect that the defendant is the owner of all the real estate described in the complaint, except that portion specifically described in this opinion, and as to that portion specifically described in this opinion, the plaintiff is the owner and entitled to recover the possession, and to render judgment accordingly.

BERKSHIRE, J., took no part in this decision.

Filed Feb. 27, 1890.