LAWSON
*v.*
NEWCOMB.

APPEAL from the *Bartholomew* Court of Common Pleas.

*Friday,*
*June* 10.

12 439
Case 2
165 176

Lawson, Administrator, *v.* Newcomb and Others.

If a defendant to an action in the Circuit Court, die after service of process therein, the action may, under 2 R. S. p. 32, § 21, be prosecuted in that Court to final judgment against his administrator.

APPEAL from the *Floyd* Circuit Court.

*Friday,*
*June* 10.

WORDEN, J.—Action by the appellees against *Verry*, upon a promissory note. After the institution of the suit and the service of process upon *Verry*, his death was suggested, and his administrator was made a party defendant, who appeared and answered, and such proceedings were had, as that final judgment was rendered for the plaintiffs below.

The only point made by counsel for the appellant, is in reference to the jurisdiction of the Circuit Court over the cause, after the death of *Verry*.

It is provided by the act to establish Courts of Common Pleas, &c. (2 R. S. p. 17, § 4), that "The Court of Common Pleas within and for the county or counties for which it is organized, shall have original and exclusive jurisdiction in * * * all actions against executors and administrators, * * * except where, in special cases, concurrent jurisdiction is given by law, to some other Court."

By the code (2 R. S. p. 32, § 21), it is provided that "no action shall abate by the death, &c., of a party. In case of death, &c., the Court, on motion, &c., may allow the action to be continued by or against his representatives."

If there is any conflict between the two provisions, the latter must prevail, having been passed and approved subsequently to the former.

The Circuit Court had jurisdiction of the action against *Verry*, and when he deceased, we think the plaintiffs had the right to prosecute the cause to final judgment against his administrator in the same Court.

The latter statute gives the Circuit Court, in such case, jurisdiction over the cause as against the administrator.

*Per Curiam.*—The judgment is affirmed with costs.

*W. T. Otto* and *J. S. Davis*, for the appellant.

*T. L. Smith*, for the appellees.