Clodfelter *et al. v.* Hulett.

Filed Jan. 4, 1884.

No. 10,765.

CLODFELTER ET AL. *v.* HULETT.

BILL OF EXCEPTIONS.—*Motions.*—Motions to set aside rules to plead, to recover costs, and the like, are not in the record without a bill of exceptions.

FORMER ADJUDICATION.—*Reversal of Judgment.*—A judgment which has been in all things reversed is not a former adjudication, but is wholly without effect, and when the cause is remanded it is the same suit still pending.

DEMURRER.—*Form to Separate Paragraphs.*—A demurrer to a number of paragraphs of pleading, assigning for cause " that neither of said separate paragraphs * * states facts separately and severally sufficient," etc., is to each paragraph separately.

Clodfelter *et al. v.* Hulett.

PRACTICE.—*Open and Close.*—When one of two defendants pleads the general denial and the other only a confession and avoidance, the plaintiff has the open and close.

SPECIAL VERDICT.—*Venire de Novo.*—For a special verdict held sufficient to avoid a *venire de novo,* see opinion.

DECEDENTS' ESTATES.—*Death of Party Pending Suit.—Jurisdiction.—Statute Construed.—Contract.*—Sections 2310–2312, R. S. 1881, have no application to an action for a money demand on contract pending against the deceased when he died, but in such case the cause may proceed by substituting the personal representative as defendant under section 271.

PARTIES.—*Joint Obligors.—Release.*—A suit against A. and B. was dismissed as·against B., who was not served with process, and a judgment against A. therein was reversed on appeal. After the cause was remanded the complaint was amended, making B. a defendant over his objection. *Held,* that there was no error.

From the Montgomery Circuit Court.

*N. P. H. Proctor, T. E. Ballard* and *M. E. Clodfelter,* for appellants.

*G. W. Paul, J. E. Humphries* and *M. D. White,* for appellee.

FRANKLIN, C.— This suit was commenced by appellee against appellants in 1877, upon a joint promissory note, and this is the second time that it has been before this court. *Clodfelter* v. *Hulett,* 72 Ind. 137. It was then reversed upon the ruling on a demurrer to a paragraph of the answer; also a cross error was sustained upon the counter ruling on a demurrer to another paragraph of the answer, and the costs were equally divided between the parties, which had accrued subsequent to the committing of the first error.

At the original trial Noah Clodfelter had not been served with process; the summons as to him was returned not found, and the cause was continued as to him, with an order for process. There was an appearance and trial as to Matthias Clodfelter, the other defendant, and judgment was rendered against him for the amount of the note and interest. Matthias appealed the case to this court, where the judgment was reversed, as above stated.

Upon the return of the case to the circuit court, an amended complaint was filed, and Noah Clodfelter was again made a

party defendant, the suit having been dismissed as to him, and process was served upon him. Matthias died, and Marion E. Clodfelter, his administrator, was substituted. The record then contains over 100 pages of pleadings and motions. The issues were finally closed. There was a trial by jury. At the request of appellants the jury returned a special verdict. Motions were made to require the jury to make additional findings, for judgment on the special findings, for a *venire de novo,* for a new trial, and for arrest of judgment, all of which were overruled, and judgment rendered for the appellee, which judgment was excepted to, and a motion made to modify the same, which was also overruled.

Appellants have each filed separate assignments of error—Matthias sixteen specifications and Noah eleven.

While this case presents not a very good commentary upon our constitutional provision, that " Justice shall be administered * * speedily, and without delay," still we will endeavor to proceed to dispose of the questions presented by appellants in their numerous briefs, leaving the others in the record that are unnoticed in the briefs, as being waived.

The evidence is not in the record, nor are there any bills of exceptions.

We first consider the questions presented on behalf of appellant Marion E., the administrator.

When the case was first called after the filing of the amended complaint, the order-book entry shows that there was a rule entered against the defendants to file answers. Counsel for this appellant entered a special appearance, and moved to set aside the rule, when appellee's counsel moved to strike out the motion and special appearance, which latter motion was sustained by the court.

There being no bill of exceptions, these motions are not properly presented in the record, so as to require any decision of this court upon them.

Counsel next insist that the court erred in sustaining the

demurrer to the sixth, seventh and eighth paragraphs of this appellant's answer.

The sixth paragraph was a plea of former adjudication, and was based upon the judgment which was reversed by the former judgment of this court before referred to. This paragraph, in addition to alleging that the judgment was rendered in the circuit court, avers that the cause was appealed to the Supreme Court, and that the judgment of the circuit court was in all things reversed, and that it was adjudged by the Supreme Court that said appellant recover a judgment for one-half the costs, which judgment was accordingly rendered, and that the same is a finality upon said appellant's liabilities in the premises.

The merits of the case were by no means adjudged in the Supreme Court; the judgment of the court below was reversed for error in pleading, and the cause was remanded to the court below with instructions in relation to the pleadings, and that each party pay half the costs that had accrued subsequent to the first error found. Of course, as to the merits the cause went back to the court below for a new trial, and was to be tried *de novo* upon its merits the same as though no judgment had ever been rendered in the case.

This paragraph of answer presented no defence to plaintiff's cause of action.

The seventh paragraph contains substantially the same facts, with the additional averments that the note was a joint note, that the taking of the judgment against one of the makers was a merger of the note into the judgment, and that no subsequent suit could be maintained on the note. This is not a subsequent suit, but the same suit only retried after the former proceedings had been set aside by a reversal of the former judgment.

There is nothing in this paragraph that this appellant could possibly plead in bar to appellee's action. *Maghee* v. *Collins,* 27 Ind. 83.

The eighth paragraph contains the same averments as the

seventh, with additional ones that this appellant was surety on the note; that his appeal of the case remained in the Supreme Court for a long time, three years or more; that during said time appellee took no steps to bring his co-joint obligor into court to be bound by that judgment; that during said time said joint obligor was solvent and had plenty of property to pay all the debt, but since has become and now is wholly insolvent.

If appellant by his appeal prevented appellee from bringing the co-obligor into court and having him bound by the judgment, he certainly can not now take advantage of that fact to the prejudice of appellee.    Then, if he had been bound by the judgment, this appellant got the judgment reversed, and that would have unbound his co-obligor, and left matters standing as though no judgment had been rendered on the note.    This paragraph is clearly insufficient.    There was no error in sustaining the demurrer to the sixth, seventh and eighth paragraphs of this answer.

But it is insisted by appellant that the demurrer in form requires that if any one of the paragraphs of the answer is good, it should be overruled as to the whole.    The language of the demurrer is as follows:

"The plaintiff files his separate demurrer to the first, second, third, fourth, fifth, sixth, seventh and eighth separate answers of the defendant Marion E. Clodfelter for the reason that neither of said separate paragraphs of separate answer states facts separately and severally sufficient in law to constitute a defence to the plaintiff's complaint and cause of action, and there are not facts enough alleged in said paragraphs separately to constitute a defence to plaintiff's complaint."

We think the demurrer was properly treated as a several demurrer to each paragraph of the answer.

Appellant's counsel next insist that the court erred in overruling appellant's motion that appellee be required to secure the costs.    Neither this motion, nor the affidavit upon which it was based, is made a part of the record by bill of exceptions.

or otherwise, as provided for by law.   This question can not be considered.

It is further insisted that the court erred in overruling appellant's motion to open and close the evidence and argument to the jury.   This appellant had no general denial filed in his answer, and admitted the plaintiff's cause of action and the amount of his attorney fees as claimed.   But there were two defendants, and the other defendant made no admissions, either as to the cause of action or attorney fees.   Without such additional admission, there was no error in overruling the motion. *Hyatt* v. *Clements*, 65 Ind. 12.   Neither was this motion made a part of the record by bill of exceptions or otherwise as is required.

The next specification of error insisted upon is that the court erred in overruling appellant's motion for a *venire de novo.*

This specification brings in review the sufficiency of the special findings of the jury, which are substantially as follows:

That on the 25th day of October, 1874, the plaintiff, Henry C. Hulett, and Noah J. Clodfelter entered into the following agreement:   "Memorandum of contract made and agreed to by and between Henry C. Hulett of the first part, and Noah J. Clodfelter of the second part, both of Montgomery county, State of Indiana, witnesseth, that on this the 25th day of October, 1874, the said Hulett has bargained and sold to the said Clodfelter his (Hulett's) hardware store, and the room or rooms containing the same, together with the ground on which the building stands; the goods to be invoiced at cost, with five per cent. added; the price of premises to be $1,200; the said Clodfelter to pay for the same as follows, viz., $500, at the close of the invoice, the balance in three equal annual payments, with ten per cent. interest, with approved freehold security on last payment, the first and second payments to be secured by mortgage on goods and premises, with permission to said Hulett to insure the same for his benefit; after the first annual payment has been made the per-

sonal security may be released at the request of either party, and mortgage on building and stock substituted.

"H. C. HULETT.
"NOAH J. CLODFELTER."

That the stock of goods was invoiced at, and with the premises amounted to, $2,798; that Clodfelter paid the $500, and three notes were drawn up for the balance, each for the sum of $760, payable in one, two and three years after date, and were dated October 26th, 1874; that a mortgage was executed upon the goods and premises by Clodfelter to secure the first two of said notes, and Clodfelter offered to give one John A. Clark as surety on the note payable in three years, which is the note now sued on, said Hulett refused to accept him as surety; that Hulett then agreed with Clodfelter to accept his father, Matthias Clodfelter, as such surety, and time was given to procure his signature to the note; that some time between the said 26th day of October and the 21st day of December, 1874, said Matthias signed said note, and said Noah delivered the same to said Hulett, who then accepted the same; that the above stated contract was read over to said Matthias be-. fore he signed said note; that the contract for said sale was not completed until the said signing, delivery to, and acceptance by Hulett of said note; that said Hulett never accepted the individual note of said Noah J. Clodfelter for the last payment; that said Hulett deeded the premises, and turned the stock of goods over to said Noah as contracted; that said note was given in consideration of said property, and that said Matthias executed said note in fulfilment of said agreement for said property; that after the payment of the first note said Noah never executed or offered to execute a mortgage upon said premises and stock to secure the said last note due; that before the first note became due said Noah sold said premises and stock to George Bolser and Joseph Bolser, and that said Bolsers paid off the first and second notes, and said Bolsers never offered to give a mortgage on said stock and buildings to said Hulett to secure said third note, or any

other note to be given in the place thereof; that said Hulett never agreed to release said Matthias on said note without a mortgage upon said goods and premises to secure the payment of the said note, or another note to be given in place of the note in suit; that said Matthias signed said note at the request of said Noah to enable him to carry out his said contract with said Hulett; that no false or misrepresentations were made to said Matthias to procure him to sign said note; that the aforesaid agreement was read over to him; that there is now due on the note $1,196.86, and $100 attorney's fees; that in 1877 the plaintiff sued on this note; that the summons as to Noah was returned not found, and no answer was filed by him; that issues were made between the plaintiff and said Matthias, and on the 30th day of the November term, 1877, a judgment was rendered against said Matthias on said note for the full amount then due, and that said cause was by said Matthias appealed to the Supreme Court, and in all things reversed, and said judgment was set aside and vacated by the Supreme Court, and there is now no judgment against any one on said note; that after the case was returned from the Supreme Court said Noah was served with a summons to appear in court in this case; that in this case, in 1877, when the summons for said Noah was returned not found, a summons was issued for him to appear at the next term, he was not a party to Matthias' appeal to the Supreme Court; that said Noah did not comply with the terms of the contract by substituting a mortgage on the stock and premises in the place of the personal security; that said Hulett made no agreement in relation to the sale to the Bolsers to release said Matthias; the Bolsers, at the time they purchased, did not know that Hulett held this note, nor did the Bolsers agree to pay this note or give Hulett another in the place of it, or give any mortgage to secure the third payment that they were to make to Noah; that for said third payment said Noah took the Bolsers' note, payable

to himself, and assigned the same to said Matthias to indemnify him in payment of the note in suit.

These facts are stated in the special findings of the jury with great particularity. There are also some statements of mere evidentiary facts that may be disregarded.

There is no uncertainty, ambiguity or contradiction in the facts found; facts not found are considered as not having been proved as against the party upon whom the burden of proof rested. We think the facts found are sufficient to render judgment upon. There was no error in overruling the motion for a *venire de novo*.

The next specification of error insisted upon by this appellant is that the court erred in overruling the motion in arrest of judgment.

This motion is based upon the ground that the court, in this suit, could acquire no jurisdiction of a claim against the estate represented by the administrator, and in support thereof we are referred to sections 2310, 2311 and 2312, R. S. 1881. We do not think these provisions of the statute can apply to this suit. In this case the court had acquired jurisdiction of the subject-matter of the suit in the lifetime of decedent; his death did not take away that jurisdiction; upon the substitution of his administrator, the cause proceeded upon the original jurisdiction acquired, the same as if he had been yet living. See section 271, R. S. 1881, and *Lawson* v. *Newcomb*, 12 Ind. 439.

The last specification of error insisted upon by this appellant is that the court erred in overruling his motion to modify the judgment.

The provisions of the statute in relation to filing claims against an estate are not applicable to this suit, nor is this question properly presented by a bill of exceptions. There is no error in overruling the motion in arrest of judgment, nor available error in the overruling of the motion to modify the judgment.

As to the assignment of errors by appellant Noah Clod-

felter, the first specification insisted upon is that the court erred in making him a party defendant, over an objection under a special appearance, after the judgment against Matthias had been reversed by the Supreme Court. There is no error in this. The original suit had been dismissed as to him, and after the judgment against Matthias had been reversed, and the cause sent back to the lower court for a new trial, the plaintiff had a right to amend his complaint, make Noah a co-defendant, and have process served upon him. The court did not err in overruling this objection.

It is further insisted by this appellant that the court erred in sustaining the demurrer to the third paragraph of his separate answer.

This paragraph was *res adjudicata*, setting up the former judgment against Matthias and its reversal by the Supreme Court, under which it is insisted that the record shows that there was a former trial as to both defendants, and there was a finding and judgment against Matthias alone; that there was no finding or judgment as to Noah, and that was equivalent to a finding and judgment in his favor, which was unaffected by the appeal of Matthias and the reversal of the judgment against him.

In this we think appellant is mistaken. As to this appellant, this paragraph of answer only alleges that the complaint was filed against him and his co-defendant; this does not make him a party, without notice, to the subsequent proceedings on the complaint. This paragraph of answer contains no averment of any appearance, pleading, trial or judgment as to him. The allegations in relation to the judgment against Matthias, and its reversal, can not constitute *res adjudicata* as to this appellant.

The record shows that this judgment against Matthias was reversed for a good and sufficient cause, and where the action is commenced against both, it would take a valid subsisting judgment against one of two joint obligors, and an abandonment of the action against the other, to release the other from

liability. *Rose* v. *Comstock*, 17 Ind. 1. We think this paragraph of answer is bad, and that there is no error in sustaining the demurrer to it.

The next specification of error relied upon is in overruling the demurrer to the reply to the first and second paragraphs of appellant's separate answer. This reply alleges that the judgment pleaded was in all things reversed by the Supreme Court, and the cause then stood as though no such judgment had been rendered.

We think this was a sufficient reply to these paragraphs of the answer, and that there was no error in overruling the demurrer to it.

This appellant also insists upon his separate motion for a *venire de novo*. This question has heretofore been sufficiently considered. There was no error in overruling said motion.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with five per cent. damages, at appellants' costs.

