Filed April 3, 1885.

---

No. 11,542.

## Pauley et al. *v.* Cauthorn.

BANKRUPTCY.—*Assignee's Sale of Lands.*—*Prior Judgment Liens.*—Where a sale is made by an assignee in bankruptcy subject to existing liens, and there are such liens antedating the filing of the petition in bankruptcy, they are not divested by the assignee's sale. A judgment creates a lien on the land of the debtor, and the lien is such that neither the adjudication in bankruptcy nor the assignee's deed will divest it. A discharge releases the bankrupt from personal liability on the judgment, but does not relieve the land from the lien.

SAME.—*Judgment Lien.*—*Enforcement of Invalid Decree.*—When a decree is without effect as against a judgment creditor, the holder of the decree

can not maintain an action to enforce it, but his remedy is to bring suit to foreclose the equity of redemption of the judgment creditor.

MORTGAGE.—*Foreclosure.—Parties.*—The general rule is that there can be no valid decree of foreclosure unless the owners of the mortgaged property are parties to the foreclosure suit. The remedy of the mortgagee or his assignee is to foreclose the equity of redemption of all who are interested in the land as lien-holders or owners.

From the Knox Circuit Court.

*G. G. Reily* and *W. C. Niblack,* for appellants.

*H. S. Cauthorn* and *J. M. Boyle,* for appellee.

ELLIOTT, J.—It is alleged in the complaint of the appellants that they are husband and wife; that on the 26th day of November, 1875, Ira H. Pauley was the owner of a lot in the city of Vincennes, and on that day conveyed it by way of mortgage to William Ross to secure the payment of $500, evidenced by a promissory note; that this mortgage was duly recorded on the 26th day of February, 1877; that on the 7th day of November, 1875, Edward Weisert recovered a judgment against Pauley for $633.31 and costs; on the 24th day of August, 1878, Pauley filed a petition in the United States District Court praying that he might be adjudged a bankrupt; that such proceedings were had as resulted in an adjudication that he was a bankrupt; that on the 28th day of November, 1878, he secured a discharge in bankruptcy; that while the bankruptcy proceedings were pending, the lot was conveyed by the register to James L. Weems, the assignee in bankruptcy; that the assignee, pursuant to an order of the court, sold and conveyed the lot to Charles G. McCord on the 8th day of May, 1880, subject to the liens thereon; that on the 10th day of December, 1881, William Ross commenced a suit to foreclose his mortgage, but made no other persons parties except the appellants, obtained a decree of foreclosure, on which sale was made to Charles G. McCord and John T. Bayard for $367.48; that by agreement between McCord and Bayard of the one part, and Ira H. Pauley, who acted for himself and his wife, of the other part, Bayard and

McCord undertook to convey all of their interest in the property to Pauley; that pursuant to that agreement they did convey it to him; that as a part of the agreement Ross and Bayard and McCord made a sale and assignment of the decree to Pauley; that the assignment was evidenced by the following writing: "Received of Ira H. Pauley four hundred dollars in full of all claims which either of us have against the real estate herein described, and we each of us, in consideration of the said sum, forever relinquish, release and forever quitclaim any and all interest which any of us may have in the real estate described in said decree, and hereby direct the sheriff to return the same satisfied;" and that the decree was returned satisfied. It is also alleged that on the 9th day of September, 1882, Weisert by his attorney, the appellee, sued out an execution upon his judgment; that the sheriff levied it on the lot in controversy, sold it to the appellee, and issued to him a certificate of sale. The complaint prays that the cloud upon appellant's title created by the sale on Weisert's judgment may be removed, and that a decree of foreclosure issue in favor of the appellant.

Where a sale is made by an assignee in bankruptcy subject to existing liens, and there are such liens antedating the filing of the petition in bankruptcy, they are not divested by the assignee's sale. *Swope* v. *Arnold,* 5 Nat. B. R. 148; *Marshall* v. *Knox,* 8 Nat. B. R. 97; *Catlin* v. *Hoffman,* 9 Nat. B. R. 342; *Clark* v. *Iselin,* 11 Nat. B. R. 337; *Wilson* v. *City Bank,* 9 Nat. B. R. 97; *In re Gold Mountain Mining Co.,* 15 Nat. B. R. 545; *Haughton* v. *Eustis,* 5 Law Rep. 505.

A judgment creates a lien on the land of the debtor, and the lien is such as neither the adjudication in bankruptcy nor the assignee's deed will divest. The discharge in bankruptcy released the bankrupt from personal liability on the judgment, but it did not relieve the land from the lien. *Woodbury* v. *Perkins,* 5 Cush. 86; S. C., 51 Am. Dec. 51; *Buckingham* v. *McLean,* 13 How. 150; *Downer* v. *Brackett,* 21 Vt. 599; *In re*

*Jaycox,* 8 Nat. B. R. 241; *Truitt* v. *Truitt,* 38 Ind. 16; *Pierce* v. *Wilcox,* 40 Ind. 70.

It results from these settled principles that Weisert's lien was not divested by any of the proceedings in bankruptcy, and it must also follow that the appellants can not prevail against the rights flowing from the lien of that judgment unless their rights acquired through McCord, Bayard and Ross are of such a character and so asserted as to nullify the sale to the appellee.

The lien of Weisert's judgment was not divested, although the discharge in bankruptcy released the judgment debtor from all personal liability. This lien continued from its inception to bind the property, although the personal liability of the debtor was extinguished by the discharge. At the time the foreclosure suit was instituted by Ross, the judgment creditor had a lien, and, like all lien-holders, an equity of redemption in the land. This equity of redemption could only be barred by a suit to which he was a party. He was not a party to the suit brought by Ross, and, consequently, his rights were not affected by it. The rights of Weisert were not divested by the bankruptcy proceedings nor barred by the decree of foreclosure. There was, therefore, nothing to prevent him from selling the land upon his judgment.

We need not inquire what the United States court might have ordered, for we know that the law protected the lien, and are informed by the record that the assignee was ordered to sell subject to the lien, and we must conclude that the lien on the land owned by the debtor when the petition in bankruptcy was filed continued unimpaired.

The appellants may have acquired some interest in the land, and may, perhaps, have acquired a right to enforce the mortgage lien, but, however this may be, they did not obtain a decree of foreclosure which they could enforce against the lien of Weisert's judgment. The owners of the land were not parties to the suit, and the general rule undoubtedly is that there can be no valid decree of foreclosure unless the owners

of the mortgaged property are parties to the foreclosure suit. *Petry* v. *Ambrosher*, 100 Ind. 510; *Curtis* v. *Gooding*, 99 Ind. 45. It is quite clear that the decree was of no force against Weisert, for he was not a party to the suit, and if the decree was without force as to him, it is not possible to enforce it in the method here adopted. The result is, that conceding that the appellants could and did acquire an interest in the land, and still further conceding that they acquired the mortgage by an equitable assignment, yet their contention can not prevail, for what they demand is the enforcement of the decree, and as the decree was without validity, it can not be enforced. If the appellants have a senior right, their remedy is not the one they have chosen. The only remedy open to them, even if they are the owners of the mortgage, is to bring a suit to foreclose the equity of redemption of those interested in the land as lien-holders or owners. *Curtis* v. *Gooding, supra; Shirk* v. *Andrews*, 92 Ind. 509.

The purchase from the assignee in bankruptcy gave the grantors of the appellants title to the land, but it was a title subordinate to the lien created by Weisert's judgment. As that lien is senior to the title so acquired, the only method by which that lien can be rendered ineffective is by a suit to compel the judgment creditor to redeem from the mortgage constituting the senior lien.

Judgment affirmed.

Filed March 10, 1885.