Vandyne v. The State.

Filed Dec. 10, 1891.

----

No. 16,079.

### Vandyne v. The State.

New Trial.—*Newly-Discovered Evidence.*—*Affidavit of Witness Must be Produced.*—*Defendant in Custody no Excuse.*—On a motion for a new trial because of newly-discovered evidence, the affidavit of the witness who will testify as alleged must be produced, and it is no excuse that the party moving for the new trial is in custody.

Judgment.—*Arrest of.*—The fact that the number on the indictment and the number of the cause are different is not sufficient to authorize the arrest of the judgment, if the record show that all the proceedings subsequent to the return made by the grand jury were had on the indictment thus returned.

From the Wabash Circuit Court.

*C. E. Cowgill, H. B. Shively* and *H. C. Pettit,* for appellant.

*A. G. Smith,* Attorney General, for the State.

Coffey, J.—This was a prosecution by the State against the appellant on a charge of petit larceny. A trial by jury resulted in a verdict finding the defendant guilty as charged, upon which the court, over a motion for a new trial, rendered judgment.

Two errors are assigned :

*First.* That the court erred in overruling the appellant's motion for a new trial ; and,

*Second.* That the court erred in overruling the appellant's motion in arrest of judgment.

The only matter relied upon for a new trial was newly-discovered evidence. The motion was supported by the affidavit of the appellant alone ; no affidavits of the witnesses whose evidence had been discovered being filed, and no excuse for not filing them given.

There was no error in overruling the motion.

*Shipman* v. *State*, 38 Ind. 549 ; *Quinn* v. *State*, 123 Ind. 59.

In the latter case cited it was said by this court : " It is well settled that the affidavit of the witness, which the party alleges he has discovered, must be filed." The fact that the defendant is in custody is no excuse for not filing such affidavits, as they may be procured without his personal attendance.

The motion in arrest of judgment is based upon the fact that the indictment when returned was numbered 654, while the subsequent proceedings were had in a cause numbered 853. It is contended by the appellant that it does not, for this reason, appear that the grand jury returned an indictment against him into open court.

The case of *Mergentheim* v. *State*, 107 Ind. 567, seems to be decisive of the question here presented. In that case this court said : " That the number on the indictment and the number of the cause were different, is immaterial."

The record in this case contains the indictment returned by the grand jury numbered 654. When docketed the cause seems to have been numbered 853, but the evidence in the cause, as well as all the proceedings subsequent to the return made by the grand jury, shows that such proceedings were had on the indictment before us.

There is no error in the record.

Judgment affirmed.

Filed Dec. 9, 1891.