Holland *v.* Holland *et al.*

stead of special, is not raised by an exception to the conclusion of law.

Judgment affirmed.

Filed April 19, 1892.

* * *

No. 15,162.

## HOLLAND *v.* HOLLAND ET AL.

PARTIES.—*Foreclosure of Mortgage.—Death of Mortgagor.—Supplemental Complaint.—Parties.*—In an action to foreclose a mortgage, if the mortgagor, or the owner of the equity of redemption, die, his administrator should be made a party defendant, if he enters no appearance, by a supplemental complaint and service of process.

SAME.—*Appearance.—Amending Complaint.—Demurrer by Administrator.*—In such an instance an appearance does not relieve the plaintiff from filing such additional pleading. The order-book entries, making the administrator a party, can not be resorted to in aid of the original complaint; and a demurrer by the administrator to the complaint for want of facts is well taken.

SAME.—*Foreclosure of Mortgage.— Wife of Owner of Equity of Redemption.—Death of Husband.*—The wife of the owner of the equity of redemption is a proper party in the foreclosure of a mortgage; and when he dies she is a necessary party. If the land has been conveyed by the mortgagor, then the wife of the grantee is a proper party defendant.

DEMURRER.—*Order-Book Entry, Varying Contents of.*—The order-book entry of the filing of a demurrer can not control the contents of the demurrer.

ESTATES.—*Action by Legatee Concerning Assets of Estate, Can not Maintain.*—A legatee, whether his legacy be specific, general or residuary, has no right, until the estate is settled, without the consent of the executor, to withdraw a portion of the assets of the estate liable for the payment of the debts of the testator, except as provided by statute, and he can maintain no action to recover such assets from a third party.

PRACTICE.—*Striking Out Pleading.—Making Part of Record.*—If part of a pleading is stricken out on motion, no error can be assigned thereon unless such part of the pleading is made a part of the record by a bill of exceptions.

SAME.—*Overruling Motion to Strike Out not Error.*—Overruling a motion to strike out a part of a pleading is not such an error as will reverse the case.

WITNESS.—*Competency of Mortgagee in Foreclosure Suit when Mortgagor is Dead.*—In a suit to foreclose a mortgage, where the mortgagor is dead, the mortgagee is not a competent witness to any matter which occurred prior to the death of the mortgagor.

ABATEMENT.—*Death of Mortgagor.—Continuing Action Against Administrator.*—In a suit to foreclose a mortgage, if the mortgagor dies, the action does not abate, but his administrator may be brought in by supplemental complaint, and the action continued against the mortgagor's estate. Sections 271, 2310, R. S. 1881.

APPEAL.—*Foreclosure of Mortgage.—Administrator a Party.*—In an action to foreclose a mortgage, where the mortgagor dies pending the action and his administrator is made a party defendant, an appeal therefrom is taken under the civil code, and not under the decedent's act.

From the Henry Circuit Court.

*J. M. Brown* and *W. A. Brown,* for appellant.

*L. P. Newby* and *M. E. Forkner,* for appellees.

MILLER, J.—This was an action by the appellant against the appellees to foreclose a mortgage.

The mortgage in suit was executed by the appellees, Welcome R. Holland and Maria Holland, his wife, to one John Holland, who afterwards assigned the mortgage, and the notes thereby secured, to the appellant.

The complaint alleged that the mortgagors had sold the mortgaged property to one Nathan B. Wade, who, as part of the purchase-money, assumed the payment of the notes secured by the mortgage. Nathan B. Wade and Amanda Wade, his wife, were made parties defendant in the action. At the time the suit was brought only one of the notes secured by the mortgage was due, but a foreclosure was asked for the whole debt due and to become due, without alleging in the complaint the non-divisibility of the premises.

At the first calling of the cause in court, the death of Nathan B. Wade was, by whom does not appear, suggested to the court, and James Hall, his administrator, was substituted as a party defendant. An appearance was entered for such administrator, and, on motion of the plaintiff, the defendants were ruled to answer the complaint.

No supplemental complaint was filed, nor was the original complaint amended so as to make the administrator a party to the pleading, or ask any relief against him. Subsequently Hall, as such administrator, demurred to the complaint, his demurrer was sustained, and this ruling is assigned as error.

We are of the opinion that the court did not err in sustaining the demurrer.

If no appearance had been entered for the administrator, the plaintiff would have been compelled, if he desired to bring him into the case, to file a supplemental complaint and have him served with process. Sections 271, 274, 277, R. S. 1881. The appearance waived the service of process, but did not dispense with additional pleadings. The whole spirit of our code of practice shows that the Legislature intended that a complaint, to be good on demurrer, should, unaided by the order-book entries, state a cause of action against each of the defendants. This the complaint did not do, and it was, therefore, subject to a demurrer filed by the defendant against whom no cause of action was stated.

A demurrer to the complaint was also filed by the defendant Amanda Wade, and sustained by the court, and exceptions taken.

This defendant was the wife of the owner of the equity of redemption, and upon his death his widow, and so far as we know his only heir. She was a necessary party to the suit which asked for a foreclosure of the mortgage. *Curtis* v. *Gooding*, 99 Ind. 45; *Watts* v. *Julian*, 122 Ind. 124; *Daugherty* v. *Deardorf*, 107 Ind. 527; *Pauley* v. *Cauthorn*, 101 Ind. 91.

We have been unable to discover any defect in the statement of the cause of action against this defendant, and none is pointed out by the appellees in their brief.

The defendant Maria Holland demurred to the complaint, and her demurrer was sustained.

The premises described in the mortgage having been sold by the appellee Welcome R. Holland, and conveyed to

Nathan B. Wade before the bringing of this suit, the appellee Maria, who was the wife of Welcome R., while not a necessary was a proper party defendant (*Petry* v. *Ambrosher*, 100 Ind. 510), and as such the complaint states a cause of action against her.

The appellee insists that no demurrer was filed by this defendant to the complaint, but we are unable to agree with counsel in this position. The demurrer on its face purports to be filed by all the defendants, and will control the statement made by the clerk, which omits the name of Maria Holland as one of the demurring parties.

The defendant Maria Holland filed a cross-action against the plaintiff in which she claimed that the assignment of the notes and mortgage, from the mortgagee to the plaintiff, had been procured by fraud and undue influence, and without consideration, and that afterwards the mortgagee, John Holland, by his last will and testament devised them to her; that the testator died and his will had been duly probated. The prayer in the cross-action is that the pretended assignment be set aside, and that whatever judgment should be rendered in the cause against her co-defendant should be in her favor and not in favor of the plaintiff.

The pleading is a peculiar one, and does not exhibit either the mortgage or notes, nor does it show that the estate of the testator has been settled; his debts paid; or that the notes and mortgage have been, by his executor, turned over to the legatee.

Upon the assumption that the notes belonged to John Holland at the time of his death (and this is the position assumed by the cross-complainant), they became a part of his personal estate and liable for the payment of his debts. A legatee, whether his legacy be specific, general or residuary, has no right, until the estate is settled, without the consent of the executor to withdraw a portion of the assets liable for the payment of the debts of the testator, except as provided by statute. Section 2378, R. S. 1881, *et seq.* And

has no standing in court to maintain an action to recover such assets from a third party. *Crist* v. *Crist*, 1 Ind. 570; *Highnote* v. *White*, 67 Ind. 596; *Gould* v. *Steyer*, 75 Ind. 50; *Fickle* v. *Snepp*, 97 Ind. 289.

It follows that the court erred in overruling the demurrer to this cross-complaint.

The record informs us that on motion of the defendant. Welcome R. the court struck out of the complaint the notes that had not matured at the commencement of the suit; also that a motion made by the plaintiff to strike out parts of the pleadings of the adverse party was overruled. The motion to strike out the ruling, and the part struck out, are not brought into the record by a bill of exceptions, and, therefore, no question is presented for the consideration of this court. *Berlin* v. *Oglesbee*, 65 Ind. 308; *Laverty* v. *State, ex rel.*, 109 Ind. 217.

Overruling the motion to strike out part of a pleading would not, even if erroneous, authorize us to reverse the judgment. *Gill* v. *State, ex rel.*, 72 Ind. 266; *Sprague* v. *Pritchard*, 108 Ind. 491.

The court correctly ruled that the plaintiff was not a competent witness to any matter which occurred prior to the death of John Holland.

It is evident from the form of the judgment, as well as the rulings of the court in making up the issue, that the cause was tried upon the assumption that, upon the death of Nathan B. Wade, so much of the action as asked for the foreclosure of the mortgage abated.

We do not so construe section 2310, R. S. 1881, which is cited in support of this position. It provides that " No action shall be brought by complaint and summons against the executor or administrator of an estate, for the recovery of any claim against the decedent."

Section 271, of the code, which went into force on the same day, says: " No action shall abate by the death or

disability of a party, * * if the cause of action survive or continue."

The construction contended for by the appellees would put these two sections of the statute into irreconcilable conflict. Full force and effect can be given both enactments by holding, as we do, that section 2310 relates to the bringing of actions, and not to the continuance of those brought prior to the death of the deceased; and that when such actions have been instituted, section 271 forbids their abatement upon the subsequent death of a party.

The appeal in this case was well taken under section 633 of the code of practice, and is not governed by section 2454, R. S. 1881, and Elliott's Supp., section 417. The action was for the foreclosure of a mortgage, and is not simply a matter growing out of a matter connected with a decedent's estate. *Mason* v. *Roll*, 130 Ind. 26.

The motion to dismiss the appeal is overruled, and judgment reversed.

