## WILKINSON v. VORDERMARK ET AL.

[No. 4,644.    Filed March 31, 1904.]

TRIAL.—*Death.*—*Abatement.*—*Substitution of Personal Representative.*— *Heirs.*—Where, in a proceeding supplemental to execution, a defendant dies, the action does not abate, but the action may be continued, on motion or supplemental complaint, against his personal representative. If the proceedings relate solely to personal property, his heirs can not be substituted as defendants. *p. 636.*

APPEAL AND ERROR.—*Substitution of Appellee.*—*Failure to Substitute in Trial Court.*—When a defendant dies before the trial of a cause in the lower court, and his death is suggested of record, neither his personal representative nor his heirs can be substituted as appellees in the Appellate Court. *p. 637.*

SAME.—*Deceased Party Substituted.*—A deceased person can not be substituted as an appellee on appeal. *p. 637.*

SAME.—*Separate Appeals by Different Parties.*—Separate appeals in one cause from the same judgment can not be taken by the several parties thereto. *pp. 637, 638.*

SAME.—*Lack of Parties on Appeal.*—*Dismissal.*—Where the Appellate Court can neither affirm nor reverse the judgment appealed from, because all parties having an interest in the judgment were not made parties to the appeal, it will dismiss such appeal. *p. 638.*

From Whitley Circuit Court; *J. W. Adair*, Judge.

Proceeding supplementary by Millie A. Wilkinson against Henry P. Vordermark and others. From a judgment for defendants, plaintiff appeals. *Appeal dismissed.*

*T. E. Ellison, D. B. Ninde, H. W. Ninde* and *L. J. Ninde*, for appellant.

*W. G. Colerick, K. C. Larwill* and *Guy Colerick,* for appellees.

BLACK, J.—This was a proceeding supplementary to execution, brought by the appellant, Millie A. Wilkinson, who had been the wife of Henry P. Vordermark, from whom she had obtained a divorce with a judgment for alimony. She sought to subject to execution on this judgment certain personal property alleged to have been disposed of fraudulently by her late husband. She made defendants in this proceeding the execution defendant, John W. Vordermark, the Ft. Wayne & New Haven Turnpike Company, the Tri-State Building & Loan Association of Ft. Wayne, and three of the execution defendant's children, namely, Harry Vordermark, Mary Maud Vordermark, and Lillian Ada Vordermark. The appellant recovered judgment against all these defendants. From this judgment an appeal was taken to the Supreme Court, and it appears from the judgment on appeal as shown in the record before us and in *Vordermark* v. *Wilkinson,* 147 Ind. 56, that the judgment of the trial court was reversed as to Harry Vordermark and Mary Maud Vordermark because of an error in overruling their demurrer for want of sufficient facts to the complaint, and, as a benefit derivable from the appeal from the necessity of the case, the judgment, so far as it incidentally affected the building and loan association by requiring the turning out for sale by the sheriff of certain stock of that association claimed by Harry Vordermark, was vacated; and as to all the other defendants the appeal was dismissed because not brought in proper time. This left the judgment as to such other defendants in full force and effect and unappealable. It was held by the Supreme Court that an interest in a certain sum of money claimed by Mary Maud Vordermark, and certain shares of stock of the building and loan association, and a certain sum of money claimed by Harry Vordermark, constituted the only property in question upon that

appeal. The cause having been redocketed in the trial court, and the opinion of the Supreme Court, above mentioned, having been filed, in the year 1898 further proceedings were had in the cause. As appears by an entry of September 23, 1901, the parties then appeared, "and the death of Mary Maud Vordermark is suggested to the court;" but it does not appear from the record that any person or persons were formally substituted as her representatives. Afterward the venue was changed from the Allen Circuit Court to the court below, and the cause was there again tried by the court in November, 1901, and the court found, amongst other things, "in favor of the defendant Harry Vordermark, the heirs at law of Mary Maud Vordermark, who died during the pendency of this action, intestate, and leaving her father, Henry P. Vordermark, her brother, Harry Vordermark, and her sister, Lillian Ada Vordermark, surviving her as her only heirs at law, and the Tri-State Building & Loan Association. And the court doth further find in favor of the plaintiff as against the defendants Henry P. Vordermark, John W. Vordermark, and Lillian Ada Vordermark and Ft. Wayne & New Haven Turnpike Company, and that the judgments heretofore rendered against them in this action by the Allen Circuit Court, of Allen county, Indiana, at its April term, 1893, and each of them, should be preserved and maintained as said judgments were by the Supreme Court of Indiana on appeal therefrom affirmed." It was thereupon adjudged that "Harry Vordermark, the heirs at law of Mary Maud Vordermark, and the Tri-State Building & Loan Association, and each of them, do have and recover of the plaintiff their and each of their costs in this action expended; and it is further decreed and adjudged by the court that the plaintiff do have and recover of the defendants Henry P. Vordermark, John W. Vordermark, Lillian Ada Vordermark and the Ft. Wayne & New Haven Turnpike Company the relief granted her in

and by the judgments so rendered in her favor against them in the said Allen Circuit Court, which appears elsewhere in the record of this action, and which judgments were affirmed by the Supreme Court of Indiana, and her costs in this action by her expended, so far as the same relate to said defendants."

The appellant's motion for a new trial, stating as grounds therefor that the finding against her was not sustained by the evidence, and that it was contrary to law, was overruled; and this ruling is alone assigned as error. In the assignment the plaintiff, Millie A. Wilkinson, is named as the appellant, and all the defendants, as named in the introductory part of this opinion, are named as the appellees, all, including Mary Maud Vordermark, in their individual characters, and no person in any representative capacity.

The appellant, by her appeal, seeks the reversal of the judgment against her in favor of Harry Vordermark, the heirs at law of Mary Maud Vordermark and the Tri-State Building & Loan Association. It appears from the record that Mary Maud Vordermark died while the cause was pending in the Allen Circuit Court. No representative was substituted for her formally, but the court below in its finding and judgment, treating the cause of action as surviving against her heirs at law, found and adjudged in their favor against the appellant. She could not be a party to the appeal. Having died before finding and judgment, the action did not thereby abate, but the action might have been allowed by the Allen Circuit Court or by the court below, on motion or supplemental complaint, to be continued against her proper representative. §272 Burns 1901. As the proceeding related solely to personal property, her personal representative, and not her heirs at law, should have been substituted for her before judgment.

Since the cause has been in this court the appellant filed her motion here that Henry P. Vordermark, Harry Vor-

dermark, and Lillian Ada ·Vordermark be substituted as appellees to answer as to the interest of Mary Maud Vordermark, deceased, supporting the motion by an affidavit of an attorney for the appellant, stating that Mary Maud Vordermark "one of the appellees in said cause, died prior to this appeal, leaving surviving her as her sole heirs at law, her father, Henry P. Vordermark, her brother, Harry Vordermark, and her sister, Lillian Ada Vordermark, all of whom were parties defendant in said suit, and are appellees in this appeal." This motion was overruled, at the time of its presentation, very properly; for the record shows that her decease was suggested before trial or judgment, and the statutes contemplated substitution of the proper representative in the·trial court, and not in this court, in such case. §§272, 648, 649, 675 Burns 1901. And, furthermore, if it were a proper case for substitution of a representative, the personal representative, and not the heirs at law of the deceased party, would be the proper representative.

It devolved upon the appellant (the plaintiff) to cause the substitution of a proper representative for the deceased defendant, and not upon any of the other defendants. There was no cause of action against the heirs at law of the deceased party defendant on trial, and the appellant could not have been entitled to a finding against them in such capacity. Without herself causing the substitution of a proper representative, she suffered judgment to be taken against her in favor of the heirs at law of the deceased defendant, making no objection to the substitution, and then named the deceased defendant as an appellee; and the heirs at law as such, in whose favor the court found, are not parties here. If it may be said that there has been no adjudication upon the interest of the deceased defendant as against her personal representative, and that the substitution of such representative may still be made in the court below, it would be against the policy of the law forbidding

several appeals in one cause to proceed to inquire whether or not there was error in finding in favor of the other defendants who recovered against the appellant. The interest of the deceased defendant is not represented in this court. She can not be made a party, being deceased, and no representative of the decedent is a party. A portion of the persons in whose favor the judgment appealed from was rendered are not before us. The want of proper parties is attributable to the appellant alone. We can not either reverse or affirm the judgment rendered by the trial court as a whole or in part in the condition of the cause as presented to us. See *Vordermark* v. *Wilkinson,* 142 Ind. 142; *Lawson* v. *Newcomb,* 12 Ind. 439; *Clodfelter* v. *Hulett,* 92 Ind. 426; *Holland* v. *Holland,* 131 Ind. 196; Ewbank's Manual, §§149, 150.

Appeal dismissed.