**Michael MILICH**

v.

**Jacob SCHLESINGER.**

**Civ. No. 1783.**

United States District Court
N. D. Indiana,
Hammond Division.

Nov. 7, 1957.

---

6. 33 U.S.C.A. § 905.

John C. McKenzie and Baker, McKenzie & Hightower, Chicago, Ill., for plaintiff.

P. L. O'Brien and O'Brien & O'Brien, Hammond, Ind., for defendant.

SWYGERT, Chief Judge.

This action was filed by plaintiff Michael Milich on May 28, 1955. The court's jurisdiction is based on diversity of citizenship. The complaint alleges damages to the plaintiff arising out of a circumcision operation "improperly and imperfectly" performed on May 28, 1953, in Hammond, Indiana, by defendant Jacob Schlesinger, a physician and surgeon licensed to practice in Indiana. On March 14, 1956, while this action was pending, defendant died.

Subsequently, on June 19, 1957, counsel for defendant filed a suggestion of defendant's death accompanied by a motion to dismiss the action. The motion is based on the provisions of § 2–227, Burns' Ind.Stat. (1946 Replacement) and of § 7–801(c), Burns' Ind.Stat. (1953 Replacement). In my opinion, neither section bars the action.

At common law, a personal cause of action abated on death of one of the parties. In Indiana this rule has been modified by statute (§ 2–403, Burns' Ind. Stat.) and it is now provided that all causes of action survive the death of a party with the exception of actions for personal injuries to the deceased party and for promises to marry. This section also provides that actions which survive may be continued against the decedent's personal representative.

The procedure to be followed in substituting a decedent's personal representative is set forth at § 2–227, Burns' Ind.Stat.

"No action shall abate by the death or disability of a party, or by transfer of any interest therein, if the cause of action survive or continue. In case of the death or disability of a party, the court on motion or supplemental complaint, at any time within one (1) year *or on supplemental complaint afterward,* may allow the action to be continued by or against his representative or successor in interest. * * *" (Emphasis added.) Act 1881 (Spec. Sess.), ch. 38, § 23, p. 240.

I have been unable to discover any Indiana cases interpreting the phrase "or on supplemental complaint afterward". But the clear meaning of the statute taken as a whole is that substitution of a decedent party's personal representative may be effected prior to the expiration of a one year period from the date of decedent's death by either of two means, i. e. on motion or on supplemental complaint. If the one year period has passed, substitution may then be made only by use of a supplemental complaint. And in either situation, substitution rests with the discretion of the court.

Thus it appears clear that plaintiff is not presently barred under the provisions of this statute from moving the court for an order granting the right to substitute decedent's personal representative as defendant in this suit. But it is the obligation of the plaintiff to cause substitution of the proper representative. Wilkinson v. Vordermark, 1904, 32 Ind.App. 633, 70 N.E. 538. If the decedent's personal representative is to be substituted as defendant, Indiana decisions require plaintiff to file a supplemental complaint, or to amend his original complaint, to show the substitution. Holland v. Holland, 1891, 131 Ind. 196, 30 N.E. 1075; I.L.E. Abatement § 24. However, in the United States District Court, the procedure outlined by the Federal Rules of Civil Procedure should be followed. Hofheimer v. McIntee, 7 Cir., 1950, 179 F.2d 789; Mutual Ben. Health & Accident Ass'n v. Thomas, 8 Cir., 1941, 123 F.2d 353.

Defendant's contention that plaintiff would also be barred in this action by reason of § 7–801(c), Burns' Ind.Stat. (1953 Replacement), because no claim was filed with defendant's estate within the six month period provided for by that section, is without merit. The

660

court, in the case of the death of a party *pendente lite*, retains jurisdiction as if the decedent were still living, and has jurisdiction over proper amendments made after the death and substitution of parties. Clodfelter v. Hulett, 1884, 92 Ind. 426; Lawson v. Newcomb, 1859, 12 Ind. 439. If the decedent dies during the action, the action merely continues against his representative. § 2–403, Burns' Ind.Stat.; Clodfelter v. Hulett, supra; Holland v. Holland, supra; I.L. E. Abatement § 22.

Defendant's brief in support of his motion raised the issue of whether state (Burns', § 2–227) or federal law (Rule 25(a) (1), 28 U.S.C.A.) applies when determining the time within which substitution should be effected. It is unnecessary to consider this issue in determining to deny defendant's motion. Since the court has decided that § 2–227, Burns' Ind.Stat. does not prohibit substitution after the expiration of a one year period from the date of decedent-defendant's death, the issue is moot at this time.