## UNDERWOOD ET AL. v. DECKARD.

[No. 4,564. Filed March 18, 1904. Rehearing denied June 23, 1904.
Transfer denied December 6, 1904.]

1. PLEADING.—*Estoppel.*—*Knowledge of Party.*—*Fraud.*—Where, in an action by the owners of real estate to set aside and declare void a judgment in partition procured by defendant and the plaintiffs' father by joining such children, who were minors, as parties plaintiff, without their knowledge or consent, the defendant answered that at the commissioner's sale of the lands involved in such judgment in partition he was the purchaser; that he immediately took possession of such lands and has held possession ever since; that plaintiffs live in the vicinity and knew of such occupancy and of the improvements thereon made by the defendant; that plaintiffs are all of age; that plaintiffs have never made any claim to such lands, nor complained of any irregularities in such judgment and sale; that plaintiffs have rented such real estate and paid rent to the defendant and have always recognized defendant's ownership thereof, such answer is bad

on demurrer as a plea in estoppel, since no facts are shown whereby plaintiffs induced defendant to change his position injuriously, no fraud is shown on their part, no deceit practiced, and since such answer fails to allege that the defendant did not know all of the facts. p. 209.

2. LIMITATION OF ACTIONS.—*Void Judgment.*—*Setting Aside.*—*Fraud.*—Where, in an action by the owners of real estate to set aside and declare void a judgment in partition procured by defendant and the plaintiffs' father, by joining such children, who were minors, as parties plaintiff, without their knowledge or consent, the defendant answered the six-year statute of limitations, such answer was bad on demurrer, since the relief sought was against a judgment obtained without jurisdiction over the person of the plaintiffs, and fraud was merely an incident and not the gist of the action. p, 209.

3. JUDGMENT.—*Jurisdiction.*—*Declaring Void.*—Where it is shown that the defendant, a tenant in common of certain lands with the plaintiffs, and the plaintiffs' father joined the children, who were minors, as parties plaintiff, in a suit for partition, without plaintiffs' knowledge or consent; that the father was appointed commissioner; that as such commissioner he sold the lands to the defendant; that no consideration was ever paid to the plaintiffs therefor; that nothing was paid to such commissioner as such for such lands; that such proceedings were had for the purpose of divesting the title of plaintiffs; and that it was all done without the knowledge or consent of the plaintiffs, a decree should be awarded plaintiffs setting aside such judgment. p. 211.

From Monroe Circuit Court; *Newton Crooke,* Special Judge.

Action by Hugh V. Underwood and others against James M. Deckard. From a decree for defendant, plaintiffs appeal. *Reversed.*

*G. L. Reinhard, Seymour Riddle, F. E. Gavin, T. P. Davis* and *J. L. Gavin,* for appellants.

*R. A. Fulk, I. C. Batman, H. C. Duncan, R. W. Miers, Edwin Corr* and *D. K. Miers,* for appellee.

COMSTOCK, J.—Appellants brought this action against the appellee Deckard to have a certain judgment rendered against them and in favor of said Deckard in the Monroe Circuit Court set aside and declared null and void.

The complaint is in two paragraphs, and alleges in substance that on the 20th day of January, 1893, the appel-

lants and the appellee were the owners in fee simple, as tenants in common, of certain real estate therein described, situated in Monroe county, Indiana, each being the owner of the undivided one-fifth interest thereof; that on the said 20th day of January, 1893, the appellee, without the knowledge or consent of either of the appellants, filed his petition in said court, joining the appellants with himself therein, in the form of an *ex parte* proceeding, wherein it was alleged that appellee and appellants were the owners of the real estate above referred to as tenants in common, each owning an undivided one-fifth interest thereof, and averring that said lands could not be divided without injury to the whole, and asking that a commissioner be appointed by the court to sell said lands and distribute the proceeds among the owners. Each paragraph further alleges that a commissioner was appointed by the court, who pretended to sell the whole of said lands to the appellee; that said pretended sale was by the commissioner reported to and approved by the court, deed made and approved, and a judgment of the court entered quieting the title to said lands in the appellee. It is further alleged that the appellants at the time were all infants, and that no process of the court was ever issued or served on them in said proceedings; that they had no knowledge of the proceedings until a long time thereafter; that they had no next friend, statutory guardian or guardian *ad litem;* that two of said appellants became twenty-one years old within two years prior to the beginning of the action; that the said court acted wholly without jurisdiction over the persons of said appellants or any one of them; that in fact there was no sale of said real estate by the said pretended commissioner to the said Deckard, and that no money or anything of value was ever given or promised to be given by the said Deckard or received by the commissioner for said lands; that the appellants never directly or indirectly received anything what-

ever for or in consideration of the pretended sale of said lands; that none of the appellants ever consented to such proceedings or order of the court for the sale or transfer of said property; and that appellee at all times had full knowledge of all the facts.

Demurrers were overruled to the complaint, and appellee answered in several paragraphs. Demurrers were sustained to each paragraph of the answer except the third and sixth, which are in the words and figures following, to wit: "(3) The defendant, further answering herein, says that after the purchase of the real estate mentioned in the complaint at said commissioner's sale, he immediately went into possession thereof and began to make, and from that time has made, valuable and lasting improvements thereon; that he has occupied the same as owner, and has exercised full acts of ownership thereover; that the plaintiffs have all lived in the immediate vicinity of said real estate during all of said time, have known of his occupancy of said real estate and of the circumstances under which it was held during all of said time; that the eldest of said plaintiffs is now twenty-eight years of age, that the next one is twenty-six years, the next one twenty-four, and the youngest twenty-two years of age, and that none of said plaintiffs at any time prior to the commencement of this suit made any claim or demand whatsoever against the defendant for said real estate, or any part thereof, or at any time made any complaint to this defendant of the irregularity of the said partition proceedings, but, upon the contrary, have recognized the validity of the same by making no complaint thereof, by renting the said real estate, paying the rent thereon, and by recognizing this defendant's ownership of the said real estate." "(6) The defendant further answering each of the first and second paragraphs of the complaint separately and severally herein, says that the cause of action herein did not accrue

within six years prior to the commencement of this suit."
The appellants replied to the third and sixth paragraphs of
answer by general denial.

The issues were submitted to the court for trial, and the
court made a special finding of facts. The special finding
shows that one Hugh H. Hill owned the land in question;
that he conveyed a part to Susan M. Underwood and her
children, and another part to LaFayette A. Underwood
and his children; that said Susan and LaFayette are the
mother and father, respectively, of the appellants. The
deeds conveying said real estate were duly recorded in the
proper deed record of said Monroe county, and possession
immediately taken of said real estate by said LaFayette A.
Underwood. In December, 1892, said LaFayette and
Susan, being mistaken as to the legal effect of the deeds
made to them, and believing in good faith that said deeds
conveyed to them the entire amount of said real estate,
undertook to sell and convey by deed of general warranty,
in which they both joined, the entire amount of said real
estate to one James M. Deckard, defendant, of Monroe
county, Indiana, who was likewise ignorant of any right,
title or interest which the children of said LaFayette A.
Underwood and said Susan M. Underwood had in said real
estate, or any part thereof, and who likewise believed in
good faith that said LaFayette A. Underwood and said
Susan M. Underwood, at the time of said conveyance to
him, the said Deckard, were the owners of all the said real
estate. After the sale of the above-described real estate by
LaFayette A. Underwood and Susan M., his wife, to said
James M. Deckard, and immediately after the execution of
the deed of conveyance therefor, the said deed was duly
delivered to said James M. Deckard by the said LaFay-
ette A. Underwood and Susan M. Underwood, and the said
Deckard immediately went into possession and occupancy
of all of said real estate, and continued to occupy and
cultivate the same until the present time, claiming it as

his own land, and making lasting and valuable improvements thereon, repairing fences, making ditches and cleaning up ground. Said LaFayette A. Underwood and Susan M. Underwood, at the time of the conveyances to them and their children of the said real estate by the said Hugh H. Hill, were the father and mother of the following named children then living, and who are the plaintiffs in this cause: (1) Frank E. Underwood, about two years old at the time of said conveyances by said Hill to the said Underwoods; (2) William C. Underwood, between four and five years old at the time of said conveyances; (3) Thomas H. Underwood, between six and seven years old at the time of said conveyances from said Hill to the said Underwoods; (4) Hugh V. Underwood, between eight and nine years old at the time of said conveyances. Neither said LaFayette A. Underwood nor the said Susan M. Underwood had any child or children living other than those above named.

The consideration paid for said sale and conveyance of the real estate from LaFayette A. Underwood and Susan M. Underwood to said James M. Deckard, was $1,650. The said children did not join in the conveyance from said LaFayette A. Underwood and Susan M. Underwood to said James M. Deckard, and had no knowledge of or connection with such sale, and had no knowledge or information that they or any one of them had any interest in or title or right to said real estate. On the 20th day of January, 1893, the defendant James M. Deckard and the said LaFayette A. Underwood, having been informed of the interests of plaintiffs in said real estate, and for the purpose of placing the title of the plaintiffs in and to said severally described tracts of land of which said Deckard and said plaintiffs were then the owners, by reason of said conveyance to plaintiffs by their said uncle Hugh H. Hill, and by reason of the deed of conveyance by LaFayette A. Underwood and wife to said Deckard, and in order to deprive the said plaintiffs of their said title to said land, instituted in

the Monroe Circuit Court of Monroe county, Indiana, then in session, a certain *ex parte* proceeding in the name of the said James M. Deckard and the plaintiffs in this action by petition to said court, in which petition the plaintiffs herein and the defendant James M. Deckard purported to join, stating that they, the plaintiffs and defendants herein, were the owners in fee simple and tenants in common of the real estate described therein, being the same real estate described in the complaint, and further stating that the said Deckard and these plaintiffs were each the owner of one undivided one-fifth of said real estate, and that the same was not divisible without injury to said parties, and asking that a commissioner be appointed by the court to make sale of said real estate, and distribute the proceeds thereof among the said parties according to their respective shares or interest.

The court, on said petition of the parties, solely on the statements contained in said petition, made a finding, decree and judgment of the tenor and to the effect that the facts stated in said petition were true; that the petitioners were together the owners in fee simple and tenants in common of the real estate described in said petition; that the said defendant Deckard was the owner of one-fifth part in value of the said real estate, and that said Hugh V. Underwood, Thomas H. Underwood, William C. Underwood and Frank E. Underwood were the owners of the other four-fifths in value of said real estate, and that partition thereof could not be made without injury to said parties; and the court further adjudged, ordered and decreed that said LaFayette A. Underwood be appointed a commissioner to sell said real estate at private sale, at its appraised value, to be ascertained by appraisement as provided by law in such cases; but the court made no finding and gave no judgment on the subject that these plaintiffs were then all infants under the age of twenty-one years, which was true.

The said LaFayette A. Underwood thereupon undertook

to serve as such commissioner, and procured the appraisement of said real estate, which was appraised at the sum of $1,600, and filed bond, as required, to the approval of the court, and on the same day reported to the court that he had sold said real estate, as such commissioner, to said James M. Deckard, for the sum of $1,650, cash in hand, and that said sum had been paid by said Deckard, and that said Underwood asked to be ordered to make said Deckard a deed of conveyance of said real estate as such commissioner, and to distribute the proceeds thereof among the petitioners according to their respective interests, which was accordingly done by the court in its order and judgment duly entered of record, and said deed was accordingly executed and delivered, and said LaFayette A. Underwood then and there reported the execution and delivery of the deed to said Deckard, which was indorsed by the court "approved," and the proceeds distributed, and he was then, by the further order of the court, discharged from further service as such commissioner. At the time said proceedings were had and said commissioner's deed was made it was understood and agreed between said defendant Deckard and said LaFayette A. Underwood that the money previously paid by said Deckard to said Underwood, together with the notes executed for the deferred payments, should be and constitute the consideration for the said commissioner's sale and deed of conveyance to said Deckard, and that the said Underwood would consider and treat said original consideration as the payment for said real estate received by him from said Deckard, and that he would charge himself with plaintiffs' portion of the proceeds, and pay the same over to the plaintiffs according to their respective shares of interest as they respectively became of the lawful age of twenty-one years, and there was no other consideration paid to or received by said Underwood as commissioner for the sale of said real estate or said deed of conveyance. The said LaFayette A. Underwood, assuming without au-

thority to act as the agent of these plaintiffs, then and there executed and filed of record receipts for the distributive shares of these plaintiffs, as their agent, purporting that each of said plaintiffs had received from him, the said Underwood, as commissioner, his respective share of the proceeds of said commissioner's sale, which was and is wholly untrue.

At the time of the said *ex parte* proceedings before the said Monroe Circuit Court the plaintiffs herein were all minors, and had no statutory guardian, and were not represented by next friend or statutory guardian or guardian *ad litem,* or in fact by any person who had authority to act for them or any one of them; nor did they, or any one of them, have any knowledge thereof; nor did they directly or indirectly consent to said proceeding or sale of said land by said LaFayette A. Underwood as commissioner, either by guardian or in person or in any manner. The said La-Fayette A. Underwood had no authority whatever from the plaintiffs herein, or any one of them, to represent them, or any one of them, in said proceedings, or in any other proceedings for the partition or sale of said real estate; and said plaintiffs never authorized said proceeding to be instituted or carried on, or authorized or employed any attorney or other person to do so for them, or any one of them. The plaintiffs herein have never received any portion of the purchase money paid by said defendant Deckard to said La-Fayette A. Underwood, nor has any one of said plaintiffs received any portion thereof, nor has the said LaFayette A. Underwood ever paid them, nor any one of them, any portion of the purchase money of said real estate.

No consideration was paid or passed between said Deckard and said LaFayette A. Underwood at the time of the said *ex parte* proceedings, or at any other time, on account of such sale as commissioner by said Underwood, except the agreement between them that the original purchase money paid by said Deckard for said land should be accepted by

said Underwood, as commissioner, as the consideration for said sale by him to said Deckard and said commissioner's deed, and that said Underwood should charge himself with said amount in his report as such commissioner, and there was no other consideration whatever for such commissioner's sale and deed to said Deckard. There was in fact no sale of said real estate by said LaFayette A. Underwood, as such commissioner, to said James M. Deckard, except for the purpose of placing the title of the plaintiffs in said Deckard and to perfect the title of said Deckard in said real estate on account of the defect of his title by reason of the attempted conveyance from said LaFayette A. Underwood and wife to said Deckard. The said defendant James M. Deckard, at the time of said *ex parte* partition proceedings, and at the time he received and accepted the said commissioner's deed from said Underwood, had full knowledge of and was fully acquainted with the fact that these plaintiffs had each an undivided interest in said real estate, and that none of said plaintiffs was actually present in court at said partition proceedings, and that none of them was represented by any attorney or agent who was authorized to act for them, or any one of them, except so far as their said father had authority to act or employ counsel for them.

Said plaintiffs, when they learned of having an interest in said real estate, took legal advice from practicing attorneys in Bloomington, the county seat of Monroe county, Indiana, concerning their interest in said land, and the bringing of an action to assert the same, and were advised by said counsel and believed that they could not maintain a suit for their right, interest or title in and to said real estate until after the youngest of the brothers, to wit, the plaintiff Frank E., should arrive at the age of twenty-one years, and accordingly waited until that time, and on the 7th of January, 1901, instituted this suit to set aside the judgment in said *ex parte* partition proceedings in this

court. The said defendant immediately went into the possession of said real estate under said purchase and deed from LaFayette A. and Susan M. Underwood, and has continuously remained in open, notorious, exclusive and adverse possession thereof until this time, made valuable and lasting improvements thereon, including repairing fences, making ditches, cleaning and clearing the ground, and still retains possession thereof. At the time of the institution and the prosecution of the said proceedings in partition the plaintiffs were living with their father, the said LaFayette A. Underwood, as a part of his family, who was acting for or on behalf of the said children, who, for them, employed counsel, who, in connection with counsel employed by the defendant, instituted and conducted said proceedings in partition.

The plaintiffs have continuously since the 20th day of January, 1893, lived in the immediate neighborhood of said real estate, and knew of defendant's possession thereof; that in the year 1899 the plaintiffs, Frank E. and Thomas Underwood, rented, occupied and used a part of said real estate, renting the same from the defendant. The plaintiffs, except Frank E., heard they had an interest in said real estate and of the said partition proceedings and sale therein within six months from the 20th day of January, 1893, and during the years 1895 and 1896 were all fully informed of said partition proceedings and sale by Thomas J. Sare, an attorney at this bar, with whom they consulted for the purpose of asserting their right therein by suit or otherwise.

On the facts the court stated the conclusions of law, omitting the formal part thereof, as follows: (1) For the defendant, and that the plaintiffs take nothing by this suit herein; (2) that the plaintiffs' cause of action is barred by the statute of limitations. Appellants severally excepted to each of the conclusions of law. Judgment was rendered in favor of the appellee.

Appellants assign as error the action of the court in over-ruling their demurrer to the third and sixth paragraphs, respectively, of appellee's answer. And in its first and second conclusions of law upon the facts specially found.

1.    The third paragraph of answer attempts to plead an estoppel. There were no facts pleaded showing that appellee was induced by the conduct of appellants to change his position injuriously to himself. He had full knowledge of the facts. No fraud is charged against the appellants, nor that they deceived him to his injury. An estoppel *in pais* is not shown. The principle of equitable estoppel does not apply to the facts stated. Bouvier's Law Dict., p. 694; *Dezell* v. *Odell* (1842), 3 Hill (N. Y.) 219, 38 Am. Dec. 628; 11 Am. and Eng. Ency. Law (2d ed.), p. 421; *Fletcher* v. *Holmes* (1865), 25 Ind. 458; *Ross* v. *Banta* (1895), 140 Ind. 120; *Tinsley* v. *Fruits* (1898), 20 Ind. App. 534.

2.    The six-year statute of limitations pleaded in the sixth paragraph of answer is not applicable. Relief is sought against a judgment obtained without jurisdiction of the persons of appellants. Fraud is an incidental, but not the primary cause of the action.

In *Wilson* v. *Brookshire* (1891), 126 Ind. 497, 9 L. R. A. 792, an action brought to set aside a sheriff's sale and to annul the deed made by the sheriff in pursuance of the sale, not because of any actual or constructive fraud, but because, owing to the relation which the purchaser sustained to the transaction, the judgment was actually paid and satisfied before the sale was made. In the course of the opinion the court, by Mitchell, J., say: "The statute which provides that actions for relief against fraud shall be brought within six years, applies to actions, the immediate and primary object of which is to obtain relief from fraud, and not to actions which fall within some other class, even though questions of fraud may arise incidentally;" citing

*Eve* v. *Louis* (1883), 91 Ind. 457; *Caress* v. *Foster* (1878), 62 Ind. 145.

In *Eve* v. *Louis, supra,* the foregoing quotation is taken substantially from *Vanduyn* v. *Hepner* (1874), 45 Ind. 589.

Evidently the trial court held fraud to be the gist of the action. Both paragraphs of the complaint show an utter want of jurisdiction. That they also incidentally show fraud does not bring the action within the six-year statute of limitations. The court not having jurisdiction of the persons of the appellants in the *ex parte* proceedings, the statute can not apply. In the propositions of law laid down in the able brief of appellee's counsel, in the main, we concur. They are, however, based upon the erroneous theory that the complaint primarily seeks relief from fraud. The demurrer to each of said paragraphs should have been sustained.

Appellee has assigned as cross-error the action of the court in overruling his demurrer to each paragraph of the complaint. In the argument in support of this specification of error it is insisted, as in the answer brief of appellee, that the complaint is based upon the fraud and collusion of the appellee Deckard and LaFayette A. Underwood. In this connection it is not necessary to repeat what we have already said as to actions in which the ground for the complaint is want of jurisdiction, and fraud is only incidentally involved. The complaint avers, and the court has found, that the appellants were infants, and that without their presence, knowledge or consent a decree was prepared which the court was led to adopt, and which, if it stands, will deprive them of their property and any compensation therefor. Granted, as claimed by counsel, that an infant owner of real estate may maintain partition, and have the appointment of a commissioner to sell if the land is not divisible, it does not follow that the name of an infant may be used in proceedings in court without any authority, and

that then such infant can be bound by a decree to which he never assented.

3. The special findings show that in law appellants, as between the parties to this action, were not parties to the proceedings, and that the decree is a nullity, because there was no jurisdiction of the persons, which is as essential as jurisdiction of the subject-matter, and that, after appellee had purchased the real estate of the parents of the appellants, for the purpose of divesting the title of appellants, and without any new consideration moving from the appellee, and without any consideration moving to appellants, and without their knowledge or consent, appellee secured the decree which is sought to be set aside. *Ice* v. *State, ex rel.* (1890), 123 Ind. 590; *Burnett* v. *Milnes* (1897), 148 Ind. 230-234; *Brown* v. *Grove* (1888), 116 Ind. 84-86, 9 Am. St. 823; *Osler* v. *Broe* (1903), 161 Ind. 113; Freeman, Judgments (4th ed.), §250. Upon the facts found the conclusions of law should have been found in favor of appellants.

The judgment is reversed, with instructions to the trial court to sustain the demurrers to the third and sixth paragraphs of answer, and to restate the conclusions of law in favor of appellants.