## UNDERWOOD ET AL. v. DECKARD.

[No. 6,993. Filed April 19, 1910.]

APPEAL.— *Weighing Evidence.— Breach of Warranty.— Waiver.— Vendor and Purchaser.*—Whether a purchaser waived his right of action against his vendor for a breach of warranty by assisting such vendor to become guardian of his children and, through such guardian, receiving an ineffective conveyance of their shares, is a question for the trial court, whose judgment upon the weight of the evidence is conclusive on appeal.

From Lawrence Circuit Court; *James B. Wilson,* Judge.

Action by James M. Deckard against LaFayette Underwood and another. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Brooks & Brooks* and *Rufus H. East,* for appellants.

*Duncan & Batman* and *Miers & Corr,* for appellee.

ROBY, J.—This is an action by appellee to recover damages for a breach of warranty. In 1892 appellants executed their warranty deed to appellee for ninety-four and eighty-five one-hundredths acres of land. After the conveyance it was discovered that appellants' four children were the owners of four-fifths of the land. In order to perfect title, the purchase price having been fully paid, LaFayette Underwood was appointed guardian for the children, and proceedings were had designed to transfer the interest of said children to appellee. These proceedings were subsequently decided to have been ineffective and said interest was recovered by said children. *Underwood* v. *Deckard* (1904), 34 Ind. App. 198.

In the pending action appellee recovered judgment for the proportionate share of the purchase price of said land.

It was contended that the right to recover on account of such breach was waived at the time of the appointment of the guardian and the institution of the aforesaid proceedings. The finding is against appellants on this controverted fact, and is at this time conclusive.

Various points are made for reversal. They have been examined, and are not regarded as sufficient. There is no good reason for adding to the already voluminous case law of the State by discussing them.

Judgment affirmed.